MATHEWS, Respondent, v. WALLACE, Appellant.

St. Louis Court of Appeals, January 19, 1904.

1. **STATUTE OF FRAUDS: Pleadings: Defense.** The statement of a cause of action upon a contract need not show affirmatively that the contract is without the statute of frauds; it is a matter of defense to show it within the statute.

2. ——: **Contract for Indefinite Time.** A parol contract of hiring, for an indefinite time, may be performed within a year, and is therefore without the statute of frauds.

3. **EVIDENCE: Hearsay.** The introduction of hearsay evidence by plaintiff to prove an issue to which no defense is offered is not prejudicial error.

4. **DAMAGES: Breach of Contract of Hiring; Seeking Other Employment.** An employee who sought to recover damages for his employer's breach of the contract of hiring, was not bound to diminish his damages by seeking work elsewhere while he was waiting in reasonable expectation of being called into service by the employer at any time.

5. ——: ——. Although, after the time his alleged employment began, the employee was paid commissions for the sale of horses to the employer, that was not inconsistent with his assertion that he was employed to train horses for the employer, when it appeared that such sales were initiated prior to the time of such employment.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Geo. W. Emerson* for appellant.

(1) The statement does not allege that the contract was in writing nor that the work was to be performed within one year and is within the statute of frauds and

therefore does not show upon its face that plaintiff had a cause of action. R. S. 1899, sec. 3418. The contract must be fully performed within one year. Sharp v. Rhiel, 55 Mo. 97. This cause originating in justice court, no answer need be filed, the general issue being tendered, which is a denial of the contract sued on and this raises the question of the statute of frauds without its being pleaded. Hart v. Ford, 142 Mo. 283. (2) The court erred in refusing defendant's instructions Nos. 2, 3 and 4. By No. 2 the court would have instructed the jury that if respondent had opportunities to earn as much money during the time for which he was claiming wages from appellant as appellant was to pay him, then he could not recover. This is undoubtedly the law in this State. An employee who has been discharged or who has not been given the work contracted for can not "lie by" and refuse other employment and then compel payment as though the full services had been performed, but it is the duty of the employee to make reasonable exertion to obtain other employment and by instruction No. 4 the appellant asked the court to so declare the law to be which the court refused. Bishop on Contracts, sec. 683 (Edition of 1878); Stane v. Vimont, 7 Mo. App. 277; McLellan v. Public Schools, 15 Mo. App. 262; Koenig Kraemer v. Mo. Glass Co., 24 Mo. App. 124; Stevens v. Crane, 37 Mo. App. 487; Boland v. The Glendale Quarry Co., 127 Mo. 520. (3) It is the well-settled law of this State that a person can not receive pay for services rendered as an agent or employee from both parties to a transaction. Chapman v. Curry, 51 Mo. App. 40; Exter v. Sawyer, 146 Mo. 302.

*Tapley & Fitzgerrell* for respondent.

The appellant can not invoke the statute of frauds because the petition states clearly that the contract by and between these parties was made and entered into on

the — day of September, 1902, at the rate of $40 per month, services to begin on the—day of September, the day the contract was made, and same could be terminated at the end of the month, showing clearly that the statute of frauds could not be interposed as a defense, as the contract could be performed within a year. Harrington v. Railway, 60 Mo. App. 230.

GOODE, J.—Plaintiff sued on a contract of hiring, alleging that in September, 1902, he and the defendant made an agreement by which the defendant employed him as a horse trainer at the wage of $40 a month, and, as an additional consideration, plaintiff's board; that plaintiff then notified defendant he was ready to begin work and that he remained ready to begin it from the time the contract was made until this suit was started. Certain acts of employment performed by the plaintiff under the contract are also stated, with an allegation that plaintiff fully performed all the conditions of the contract, but that the defendant wholly failed to perform. The suit originated before a justice of the peace and no answer was filed by the defendant.

It is said that plaintiff can not recover because of the insufficiency of the complaint in failing to allege that the work which the plaintiff was required to do could be performed within a year, which omission authorized the inference that the contract was within the statute of frauds. It was not incumbent on the plaintiff to show affirmatively in his complaint that the contract fell outside the statute of frauds. That it was within the statute was a matter of defense if the fact could be shown. But in truth the hiring was for no definite time and it was, therefore, without the statute; because the contract might have been performed to the satisfaction of the parties within a year. Biest v. Ver Steeg Shoe Co., 97 Mo. App. 137.

The point is made that the weight of the evidence is against the plaintiff's version of the hiring; as to

which it suffices to say that, if we thought this was so, we would be powerless to interfere, as there is substantial evidence on both sides of the question as to what were the terms of the contract.　Plaintiff swore he hired to the defendant in August, 1902, provided he could obtain a release from a contract he had previously made with J. S. Thomas.　Plaintiff is a trainer of horses and was hired by the defendant to train horses. He had previously agreed with Thomas to train a horse for him.　Thomas readily released him when asked to do so, and plaintiff testified that on September 4th he notified the defendant of that fact and made a binding contract with the latter to work for him on the terms above stated; that the defendant agreed to have him go to work as soon as defendant's wife could prepare a room for him to occupy; that defendant declared, from time to time, he would put him to work when that event happened but never furnished him any employment. Defendant's testimony was that the arrangement between him and the plaintiff was not to become effective as a contract of employment, unless defendant succeeded in getting rid of a man and his wife who were then in his service, and that he was unable to get rid of them because his (defendant's) wife wanted to keep said employee's wife to do housework.　A square issue of fact was presented as to what the arrangement was and the finding of the jury settled the issue.

　　A letter from Thomas to the plaintiff was introduced in evidence to show that Thomas released the plaintiff from his employment, thereby enabling him to take service with the defendant.　This letter was objected to as hearsay.　Its admission ought not to work a reversal of the judgment, since the essential facts relating to this particular point were that the plaintiff was released from his prior engagement and was at liberty to work for the defendant, who was apprised that this was so, and concluded the contract with plaintiff.　It was unnecessary to put the letter in evidence;

but its admission could not have worked prejudicial error, inasmuch as there was no defense made on the ground that plaintiff was withheld from defendant's service on account of his previous contract with Thomas. If there had been such a defense it would have been necessary to overcome it with evidence and, of course, with direct evidence. But the only defense interposed was that the hiring of plaintiff was contingent on the discharge by the defendant of the man already in his service, whose place, according to defendant's contention, plaintiff was to take. Perhaps the letter was not competent; but as it bore exclusively on a fact that was undisputed, it affords no cause to reverse the judgment.

It is insisted that even if plaintiff's version of the agreement is true, he was bound to seek work elsewhere during the time he was waiting to enter defendant's service, in order to diminish the sum the defendant would have to pay on account of failing to carry out the contract. There might be merit in this point if plaintiff had been notified the defendant would not give him employment. But all the evidence goes to show plaintiff waited in expectation of being called into service by the defendant at any time. With that expectation, reasonably founded as it was, it would have been improper for him to engage to work for some one else.

After September 4, 1902, on which date plaintiff swore he was employed, he was paid commissions by two persons on sales of horses made to the defendant. These payments are cited as inconsistent with the plaintiff's assertion that he was then in the defendant's employ; since he could not legally be working for the defendant and at the same time earning money as the agent of other persons in sales of horses to the defendant. Those commissions were paid for sales which had been initiated prior to the time plaintiff was employed

by the defendant and were compatible with fair dealing
on his part under his contract of employment.

The judgment is affirmed. *Bland, P. J.,* and *Rey-
burn, J.,* concur.