PURDY et al., Appellants, v. WILSON, Respondent.

**St. Louis Court of Appeals, March 17, 1908.**

**REAL ESTATE BROKER:** Procuring Purchaser: Refusal of Owner to Make Deed. The owner of real estate placed it in the hands of a real estate agent with authority to sell on terms which would net the owner $1,150. The agent found a purchaser ready and willing to pay $1,300 for the property. The wife of the owner refused to join in a deed on the ground that her husband refused to give her a sufficient amount of the money and the deal fell through. *Held*, the agent was entitled to his commission of $150.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville*, Judge.

REVERSED AND REMANDED (*with directions*).

*O. T. Hamlin* for appellant.

The plaintiffs were entitled to their commission, when they found a purchaser ready, willing, and able to purchase the property, and a written contract was unnecessary between plaintiff and defendant. Young v. Ruhwedel, 119 Mo. App. 231; Love v. Owens, 31 Mo. App. 501; Haden v. Grillo, 35 Mo. App. 654. The findings and judgment of the trial court sitting as a jury may be reviewed and disturbed on appeal, when there is no substantial evidence to support said findings and judgment. Fullerton v. Carpenter, 97 Mo. App. 197.

*J. C. West* for respondent.

BLAND, P. J.—Defendant owned a house and lot in the city of Springfield, Missouri. He agreed with plaintiffs, who are real estate brokers, that they might sell his house and lot on terms which would net him $1,150. Plaintiffs found a purchaser ready, willing and able to pay $1,300 for the property and notified de-

fendant of the fact and requested him to make a deed to the purchaser. Defendant agreed to make the deed and have it ready on the following day. Defendant had a wife who refused to join in the execution of a deed to the property unless her husband would give her the whole of the purchase money. Defendant thought he ought to have half but his wife would not compromise on such illiberal terms and the deal fell through for the sole reason defendant and his wife could not agree on a division of the purchase money. Plaintiff brought this suit to recover $150, the commission it was agreed they should receive for making the sale and which they would have received but for the "itching palm" of defendant's wife. The issues were tried to the court sitting as a jury, who found the issues for defendant. The only judgment possible under the undisputed evidence is that plaintiffs recover of and from defendant the sum of $150. Wherefore the judgment is reversed and the cause remanded with directions to the circuit court to enter judgment for plaintiff for $150, with six per cent interest thereon from the date of the commencement of this suit. All concur.