CHARLES BIRD, Plaintiff in Error, v. W. M. BLACKWELL, Defendant in Error.

Kansas City Court of Appeals, January 11, 1909.

1. **APPELLATE PRACTICE: Setting Aside Verdict: Appeal: Facts.**   On an appeal from an order setting aside a verdict in appellant's favor the appellate court must assume as the facts of the case all that the evidence in appellant's favor tends to prove.

2. **REAL ESTATE BROKER: Damages: Exchange of Lands: Action.**   A real estate broker secured two landowners to make an agreement to exchange their land and under the contract one agreed to pay his commission. The other party however refused to consummate the contract by exchanging the lands.   *Held*, the latter was liable to the broker in damages for the value of his services in effecting the agreement; and the excuse that his wife would not join in the deed will not avail him.

3. ———: ———: ———: **Statute of Frauds.**   The Statute of Frauds has no application to an action of this kind since the agreement to make the exchange was lawful and the writing was only required to enforce it between the parties.

Bird v. Blackwell.

Error to Cass Circuit Court.—*Hon. Nick M. Bradley,* Judge.

REVERSED AND REMANDED (*with directions*).

R. T. *Railey & Son* for plaintiff in error.

(1) The lower court on the undisputed facts, could have consistently directed a verdict for plaintiff. Crawford v. Stayton, — Mo. App. —, 110 S. W. 665; Purdy et al. v. Wilson, — Mo. App. —, 108 S. W. 1124; Bank v. Hainline, 67 Mo. App. 483; May v. Crawford, 150 Mo. 527; Commissioners v. Clark, 94 U. S. 284, 24 L. Ed. 59. (2) The Statute of Frauds is not involved in this case. Crawford v. Stayton, — Mo. App. —, 110 S. W. 665; Purdy et al. v. Wilson, — Mo. App. —, 108 S. W. 1124; Glade v. Mining Co., 129 Mo. App. 443; Reiger & Thompson v. Merrill, 125 Mo. App. 548 et seq.; Young v. Ruhwedel, 119 Mo. App. 239; McCray & Son v. Pfost, 118 Mo. App. 677; Brown v. Smith et al., 113 Mo. App. 68; Sallee v. McMurry, 113 Mo. App. 264; Nichols v. Whitacre, 112 Mo. App. 692; Curry v. Whitmore, 110 Mo. App. 207; Goodson v. Embleton, 106 Mo. App. 77, 82; Gwinnup v. Sibert, 106 Mo. App. 712-13; McCormack v. Henderson, 100 Mo. App. 652-3-4; Veatch v. Norman, 95 Mo. App. 500; Finch v. Guardian Trust Co., 92 Mo. App. 270; Huggins v. Hearne, 74 Mo. App. 87; Real Estate Co. v. Ruhlman, 68 Mo. App. 505; Wright & Orrison v. Brown, 68 Mo. App. 583; Henderson & Jones v. Mace, 64 Mo. App. 396; Bass v. Jacobs, 63 Mo. App. 396; Chipley v. Leathe, 60 Mo. App. 20; Hart v. Hopson, 52 Mo. App. 178; Hayden v. Grillo's Adm., 42 Mo. App. 3; Bell v. Kaiser, 50 Mo. 150; Carpenter v. Rynders, 52 Mo. 278; Tyler v. Parr, 52 Mo. 249; Gelatt v. Ridge, 117 Mo. 560; Fisher & Co. v. Realty Co., 159 Mo. 566; Morgan v. Keller, 194 Mo. 663.

*Allen Glenn* and *T. N. Haynes* for defendant in error.

(1) The petition being silent as to whether or not this contract was in writing, and the Statute of Frauds requiring it to be in writing, it is presumed to be in compliance with the statute. Ming v. Olster, 195 Mo. 470. And this being the case, upon the face of the petition, Ashbrook had a cause of action against defendant for specific performance, and plaintiffs' only remedy would be against Ashbrook, hence defendant's objection to any evidence under the petition should have been sustained, and this was one reason why the court should have sustained the demurrer. (2) It was proper to sustain the demurrer because it is admitted by plaintiff that it was understood between plaintiff and defendant that no charges for his services would be made by plaintiff against defendant. An intended gratuity cannot be made the basis of an action or turned into a charge. Kerr v. Cusenbury, 60 Mo. App. 563; Sidway v. Land Co., 187 Mo. 662; Bank v. Aull, 80 Mo. 202; Bassford v. West, 124 Mo. App. 248; Strother v. DeWitt, 98 Mo. App. 298. (3) And the law never implies a contract to pay for services where none was intended. Morris v. Barnes, 35 Mo. 415; Bank v. Aull, 80 Mo. 199; Sidway v. Land Co., 187 Mo. 662; Strother v. DeWitt, 98 Mo. App. 298. (4) The action is based upon an alleged breach of contract, and whatever interest plaintiff attempts to assert is a component part of the contract, and inseparable from it, and the main contract being void under the statute of frauds, the whole is void, it matters not what the form of action may be. Beckman v. Mepham, 97 Mo. App. 164; Andrews v. Broughton, 78 Mo. App. 187; Browne on Stat. Frauds, secs. 140, 152; Howard v. Brower, 37 Ohio St. 402; Patterson v. Cunningham, 12 Me. 506; Fuller v. Reed, 38 Cal. 99. (5) The evidence fails to show that the parties' minds ever met on any such

contract as the one sued on, and for this reason the
demurrer should have been sustained. James & Sons
v. Bottle Co., 69 Mo. App. 214; Brewer v. Lepman,
127 Mo. App. 696; Bailey & Smith v. Moorhead, 122
Mo. App. 270. (6) All parties understood that de-
fendant's wife must consent before any trade could
be made, and it being admitted that his wife did not
consent, there was no mutual agreement. Rieger v.
Merrill, 125 Mo. App. 550. (7) Even though the trial
court assigns improper reason for granting new trial,
still if the appellate court deems that it should have
been granted upon other grounds set forth in motion
for new trial, the action of the lower court will be
upheld. Smith v. Crouch, 117 Mo. App. 267. (8) The
appellate court will determine whether the evidence
supports the verdict. Watkins v. Donnelly, 88 Mo. 324;
Bassford v. West, 124 Mo. App. 248; Knefick-Hammond
Co. v. Insurance Co., 119 Mo. App. 215, 205 Mo. 306;
Brock v. Transit Co., 107 Mo. App. 116.

ELLISON, J.—This action is for damages alleged
to have accrued to plaintiff by reason of defendant's
refusal to consummate an exchange of lands with a
third party, whereby plaintiff lost his commission
which was to be paid by the third party. The verdict
was for the plaintiff. But afterwards the trial court
sustained defendant's motion for a new trial, on the
ground that the plaintiff failed to make a case for the
jury. Plaintiff thereupon appealed to this court from
that order.

Since the verdict was for the plaintiff, we must
assume as the facts of the case all that the evidence
in his behalf tends to prove. While not going into
the facts in specific detail we will state them in suffi-
cient substance.

It appears that defendant and one Ashbrook were
each the owner of a tract of land and that defendant

authorized and employed plaintiff to bring about an exchange of these tracts. That plaintiff brought the parties together and it was agreed by and between the three that Ashbrook should pay plaintiff his commission and not look to defendant therefor. That the terms of the exchange were agreed upon and Ashbrook was willing and ready to perform on his part, but that the defendant without legal cause or excuse refused to consummate the exchange, and, in consequence, none was made, and plaintiff was thereby deprived of the commission which he was to receive.

In our opinion this state of facts gave to plaintiff a right of action against defendant. There was no cause of complaint against Ashbrook as he was in no way in default. Plaintiff fulfilled his part of the agreement and he was deprived of reaping his compensation by the wrongful act of the defendant in refusing to carry out that part devolving upon him. But for the contract that plaintiff was to get his commission from Ashbrook there would be no doubt that plaintiff could have recovered such commission from defendant, for he did all that he was required to do in the performance of the agreement on his part. [Wright v. Brown, 68 Mo. App. l. c. 583; Purdy v. Wilson, 130 Mo. App. 150 108 S. W. 1124.]

We have not overlooked the suggestion that defendant's refusal to consummate the exchange was said to be on account of his wife's refusal to join in the deed. That is no excuse for breaking a contract which contains no provisions of that character. [Young v. Ruhwedel, 119 Mo. App. 241; Curry v. Whitmore, 110 Mo. App. 204.]

There was no writing in the entire matter and the statute of frauds has been invoked by defendant. We think that statute has no application. An agreement for the sale or exchange of lands is required to be in writing in order to be enforced between the parties (section 3418, Revised Statutes 1899) but it is not a

wrongful agreement if made without writing. It may still be lawfully performed if the parties will voluntarily do so. So, though the verbal agreement between Ashbrook and defendant could not be enforced by the former against the latter on his refusal to comply, yet that fact does not deprive plaintiff of his action for damages resulting to him on account of such refusal.

There was but one instruction given for the plaintiff. It embodied every proper hypothesis in the case and is unobjectionable. There were several asked by defendant and refused. An examination of them discloses that no reversible error was committed in the action taken. The verdict was for the right party. The judgment will therefore be reversed and the cause is remanded with directions to enter judgment against defendant on the verdict. All concur.