## BEN L. HAMMACK, Respondent, v. HIRAM FRIEND, Appellant.

### Springfield Court of Appeals, May 12, 1914.

1. COMMISSIONS: On Sale of Real Estate: When Agent Entitled to. Where plaintiff, engaged by defendant to procure a purchaser for his land, produced a purchaser ready, willing and able to buy on the terms of the defendant, he was entitled to his commission.

2. ——: ——: Owner's Negligence in Preparing Contract Will Not Defeat. Where defendant owner of real estate did not procure from the purchaser a contract which would be binding on such purchaser produced by plaintiff's agent's efforts,

although he had an opportunity to do so, he cannot by reason thereof defeat such agent's claim to compensation.

3. **STATUTE OF FRAUDS: No Definite Time in Contract of Employment: Not Within Statute.** Where no definite time is fixed in a parol contract of employment of an agent, the contract is not within the statute of frauds. [Citing Sec. 2783, R. S. 1909.]

4. ————: **Broker's Right to Compensation.** Though a parol contract of the employment of an agent for the purpose of a sale may be barred by the statute of frauds, yet where defendant owner recognized plaintiff agent's relation to the transaction just before and at the time of the consummation of the sale, the plaintiff agent is entitled to recover.

Appeal from Christian County Circuit, Court.—*Hon. John T. Moore.* Judge.

AFFIRMED.

*F. W. Barrett, G. Purd Hays* and *G. A. Watson,* for appellant.

(1) No person shall be charged upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith. Sec. 1783, R. S. 1909; Allen v. Richard, 83 Mo. 55; Leesley Bros. v. Fruit Co., 162 Mo. App. 195. (2) Part payment of purchase money does not relieve from the statute of frauds a parole contract for the conveyance of real estate. Lydiek v. Hollond, 83 Mo. 703; Sursa v. Cash, 171 Mo. App. 396. (3) A broker in order to recover for procuring a purchaser must procure one within a reasonable time. Turner v. Snyder, 139 Mo. App. 656. (4) Instruction No. 2, given by the court for plaintiff is not the law as it is peremptory or tells the jury to find for plaintiff and is a comment on the evidence. Vincent v. Means, 184 Mo. 327; Gribble v. Ewert, 98 Mo. App. 32; Whitson v. Farber, 105 Mo. App. 605.

Hammack v. Friend.

*Tom R. Moore, S. E. Bronson* and *Gideon & West* for respondent.

(1) Where a sale of property is effected by an agent introducing the purchaser to the owner or disclosing the name of the purchaser to the owner the agent is entitled to his commission though the sale is made by the owner. Morton v. Threshing Machine Co., 99 Mo. App. 630; Hamilton v. Davison, 168 Mo. App. 625. (2) A contract which may be performed within one year, although the performance is liable to occupy more than one year, as a hiring for an indefinite period or to do anything possible to be done in one year although the doing of it may continue longer, need not be in writing, and is not within the statute of frauds. Biert v. Verstieg, 96 Mo. App. 137; Matthews v. Wallace, 104 Mo. App. 96. (3) The fact of the purchaser being able and willing to purchase the property on the terms imposed is an issue of fact, to be determined by the jury and not a question of law for the court. Young v. Ruhwedel, 119 Mo. App. 243. (4) A real estate agent or broker employed to sell land must, before he is entitled to commission, find and produce to the owner thereof a purchaser who offers and is ready, willing and able to make the purchase on the authorized terms or to respond in damages in the event of a failure to perform his undertaking; or he must procure from such purchaser and tender to the owner a valid contract containing terms which the owner may enforce if necessary. McCrary & Son v. Pfort, 118 Mo. App. 672; Forsythe v. Albright, 149 Mo. App. 515.

ROBERTSON, P. J.—The defendant appeals from a judgment of $300 against him based on the verdict of the jury in favor of the plaintiff on account of a commission due plaintiff for obtaining a purchaser for land belonging to the defendant.

In June, 1910, the plaintiff, having then moved to the neighborhood in Christian county where the land

is located and being desirous of purchasing land, went to look at the defendant's premises but not being able to buy at the price asked, $9000, bought another tract nearby and told the defendant that he had a relative who wanted to·move there and who might buy the defendant's property. The relative that he then had in mind did not make the purchase but plaintiff got into correspondence with another relative, who became interested in the property and who finally came to that neighborhood and in August, 1912, stayed all night with the plaintiff and thereafter, in company with plaintiff, went and examined the defendant's land, which he then priced at $12000. The defendant told the plaintiff on several occasions· that he would pay him a commission if he would find a buyer for the property. A witness testified that in February or March, 1912, the defendant inquired of him if he had seen the plaintiff, stating that if he did to tell him he wanted to see him as he had promised to sell his place to his relatives when they came.

Plaintiff's relative did not purchase on his first examination of the land but thereafter, having talked with plaintiff considerably about it, in November, 1912, he and the plaintiff went to the defendant's home a second time and at that time this purchaser agreed to buy the property and the defendant agreed to sell it for $11,000. The agreement thus having been reached, the parties went to a bank in Ozark where a deed was executed by the defendant to the purchaser and left in the bank. At the time the transaction was had in the bank $1000 was paid by the purchaser, who then also agreed to pay $5000 of an encumbrance on the land, and a memorandum was made on an envelope in which the deed was placed as to the time and terms of paying the balance of the purchase price and the delivery of the deed to the purchaser. The purchaser thereafter paid the defendant $2000 more cash on the purchase price. But by a subsequent arrangement entered into

between the defendant and the purchaser, other land was taken by the latter. The testimony tended to prove that the purchaser was worth from fifteen to twenty thousand dollars at the time of his transactions with the defendant.

During the progress of the trial and in the motion for a new trial the defendant raised several objections concerning the binding effect of the contract entered into between the purchaser and the defendant at the bank, but, in view of the disposition we shall make of the case, these objections are immaterial. When the plaintiff produced to the defendant a purchaser ready, willing and able to purchase on the defendant's terms, he had discharged his obligations and was entitled to his commission. [Gwinnup v. Sibert, 106 Mo. App. 706, 712, 80 S. W. 589; Bird v. Blackwell, 135 Mo. App. 23, 27, 115 S. W. 487; Finch v. Guardian Trust Co., 92 Mo. App. 263, 271; Gelatt v. Ridge, 117 Mo. 553, 560, 23 S. W. 882; Morgan v. Keller, 194 Mo. 663, 679, 92 S. W. 75.] If the defendant did not procure a contract which would be binding upon the purchaser, he had an opportunity to do so, brought about by the plaintiff's efforts, and on account of defendant's failure in this regard he cannot defeat plaintiff's claim. (See authorities last above cited.)

The defendant insists that the contract relied upon by the plaintiff was barred by the statute of frauds (Section 1783, Revised Statutes of 1909), because under the arrangement made in 1910 the contract was not to be performed within one year. We must rule against this insistence as the contract, being for no definite time, was not within the statute. [Matthews v. Wallace, 104 Mo. App. 96, 98, 78 S. W. 296.] The defendant also overlooks the fact that even though the original contract was barred by the statute of frauds, or if no contract had in fact been made at that time, yet there is evidence showing that the defendant just before and at the consummation of his deal with the pur-

chaser recognized the plaintiff's relation to the transaction. He accepted the terms offered by the purchaser produced by the plaintiff and should be required to pay the plaintiff's reasonable share therefor. The judgment is affirmed. *Sturgis* and *Farrington, JJ.,* concur.