## David E. McGinnis

*v.*

## Thomas Fernandes.

*Filed at Springfield November 14, 1888.*

1. Ejectment—*deed as a mortgage—whether available in defense—remedy in equity.* In an action of ejectment by the grantee in a deed absolute in form, against the grantor, the defendant can not show in defense that his deed was in fact a mortgage, only. In such case the defendant's remedy is in equity, where he may enjoin the action at law, and show the true character of the deed.

2. Same—*as between landlord and tenant—notice to quit—demand of possession.* Where a defendant in ejectment, who is a tenant of the plaintiff, repudiates the tenancy and claims title in fee, such action on the part of the tenant will dispense with the necessity of a notice to quit, and the landlord may recover in ejectment, without any previous demand of possession. The same rule applies when the title claimed by the defendant is merely an equitable one.

3. STATUTE OF FRAUDS—*verbal contract—sale of land.* A verbal contract within the condemnation of the Statute of Frauds, as, for the sale of land, can not be enforced in any way, either directly or indirectly, and can not be made either the ground of a demand or the ground of a defense.

4. INSTRUCTION—*must be based on evidence.* An instruction based upon supposed facts the only evidence of which has been excluded from the jury, is properly refused.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

.Messrs. GROSS & BROADWELL, and Mr. JOHN F. BARROW, for the appellant:

Ejectment will not lie against the occupant of land so long as he is lawfully in possession. *Cobb* v. *Lavalle,* 89 Ill. 331; *Kilgour* v. *Gockley,* 83 id. 112; *Railroad Co.* v. *Knox College,* 34 id. 202.

When the grantor remains in possession of the premises, all persons purchasing from the grantee are chargeable with notice of the grantor's rights. *White* v. *White,* 89 Ill. 460.

A purchaser in possession, before default on his part, can not be ejected. *Prentice* v. *Wilson,* 14 Ill. 91; *Railroad Co.* v. *Hay,* 119 id. 503; *Stow* v. *Russell,* 36 id. 36.

When a vendee is in possession under a verbal contract, he will not be ousted on the ground of a void contract. The Statute of Frauds can not be taken advantage of by one party to commit a fraud upon another. *Harrow* v. *Johnson,* 3 Metc. 578.

It was proper, even at law, to show that the deed was in fact only a mortgage. *Tillson* v. *Moulton,* 23 Ill. 656; *West* v. *Frederick,* 62 id. 191; *Delahay* v. *McConnel,* 4 Scam. 157.

Messrs. GREENE & HUMPHREY, for the appellee:

In ejectment the legal title must prevail, and no equitable title can be shown in defense. 2 Greenleaf on Evidence, sec. 331; Adams on Ejectment, 32; *Wales* v. *Bogue,* 31 Ill. 464;

*Franklin* v. *Palmer,* 50 id. 202; *Rountree* v. *Little,* 54 id. 323; *Fleming* v. *Carter,* 70 id. 286; *Finlon* v. *Clark,* 118 id. 32; *Johnson* v. *Watson,* 87 id. 535; *Oldham* v. *Pfleger,* 84 id. 102.

A verbal contract in relation to the purchase of land, and not to be performed within a year, is within the Statute of Frauds, and void. *Comstock* v. *Ward,* 22 Ill. 248; *Wheeler* v. *Frankenthal,* 78 id. 124.

. .A verbal contract within the Statute of Frauds can not be enforced in any way, directly or indirectly, whether by action or defense. Browne on Frauds, secs. 122, 131, 133.

When a tenant disputes his landlord's title, no notice to quit is necessary. *Herrell* v. *Sizeland,* 81 Ill. 457; *Jackson* v. *Deyo,* 3 Johns. 431.

Mr. Justice Baker delivered the opinion of the Court:

This was a suit in ejectment, prosecuted by Thomas Fernandes, appellee, against David E. McGinnis, appellant, wherein the plaintiff recovered judgment for the possession of 133½ acres of land in Sangamon county.

. On and prior to the 23d day of April, 1884, appellant was the owner in fee of the land in controvery, and he executed to William W. McGinnis a warranty deed of that date for the same, and by an arrangement between the parties he received the benefit of the consideration money by having it applied upon an indebtedness of his to the Springfield Marine Bank. . William W. McGinnis, by deed dated February 27, 1885, conveyed the land to Henry C. Latham, in trust, with full power to sell and convey the same, either at public or private sale, and apply the proceeds to the purposes of the trust. By a warranty deed of the date of October 29, 1885, Latham, the trustee, sold and conveyed the land to appellee. The appellant, after the execution of his deed of the date of April 23, 1884, remained in the possession of the land, and cultivated the same. He paid, in the spring of 1885, a certain sum of

money to Latham, and in February, 1886, paid to him a further sum of $579.87. Latham claims these several sums of money were collected as the rents due for 1884 and 1885, and appellant claims these moneys were payments made upon the verbal agreement hereafter mentioned.

Appellant offered, upon the trial, to prove that at the time the warranty deed to William W. McGinnis was made and given, there was an oral agreement between him and said William W. McGinnis, that appellant should have the right to redeem the land by paying a sum of money equal to $50 on the acre of the land, and interest at the rate of eight per cent per annum on the same, and that he was to have five years to make the payment in, by paying the principal, and interest at that rate for five years. Appellant also offered to prove that the deed was simply delivered as security, and was therefore to be treated as a mortgage, and further, that he had complied with that agreement so far as he had anything to do with compliance, and that he took and remained in possession under such agreement. The court refused to allow this proffered testimony to go the jury, and appellant excepted.

The action of the court in refusing to admit this testimony was clearly right. It is somewhat uncertain, from the offer made and the argument of counsel, whether the contention of appellant is that the relation between himself and William W. McGinnis was that of mortgagor and mortgagee, or that of vendee and vendor. If we assume his claim to be, that the deed, although absolute upon its face, was in fact a mortgage, then the case of *Finlon* v. *Clark*, 118 Ill. 32, is an authority directly in point that the refusal of the court to admit the testimony was not erroneous. It was there held by this court, that in ejectment by the grantee of a deed absolute on its face, against the grantor, the deed can not be shown to be a mortgage, only,—that the remedy of the grantor, if he has any, is in equity, and that he may there enjoin the action at law, and show the true character of the deed. If, on the other hand,

the claim of appellant is, that he was the vendee, and William W. McGinnis the vendor, of the land, under an executory contract for the sale of such land, and that he, appellant, is in possession under such contract, then, as the contract which he sought to prove for the purpose of establishing that relationship was not in writing, it was therefore obnoxious to the Statute of Frauds.    The alleged agreement was a verbal contract for the sale of an interest in lands, and by its supposed terms it might have been performed at any time within five years from the making thereof.    The well settled rule of the law is, that a verbal contract within the condemnation of the Statute of Frauds can not be enforced in any way, either directly or indirectly, and can not be made either the ground of a demand or the ground of a defense.    This doctrine was fully recognized and followed by this court in the case of *Wheeler* v. *Frankenthal & Bro.* 78 Ill. 124.    Such a contract can not be made available, even in a collateral and incidental manner.    *Carrington* v. *Roots,* 2 M. & W. 248.

It is further urged, that the trial court erred in refusing to instruct the jury, that if they believed that appellant was in possession of the land in controversy as a purchaser, and had never been put in default by notice to quit, then they should find in his favor.    The only evidence upon which such an instruction could have been based, had been excluded by the court, and it was therefore properly refused.

The refusal of the court to give the second instruction asked by appellant is also assigned as error.    The substance of that instruction was, that if Latham, at the time he controlled the land in question, recognized appellant as his tenant, and collected rent from him, then appellee could not recover without the evidence showed either a termination of the lease by its terms, or a notice to quit.    The action of the court in refusing this instruction was not erroneous.    The rule is, that where a defendant in ejectment repudiates a tenancy, and claims a title in fee, he dispenses with the necessity of a notice to quit.

This rule has been applied by this court in a case where, as in this case, the title claimed by the defendant was not a legal fee simple title, but a mere equitable title. *Herrell* v. *Sizeland,* 81 Ill. 457.

The instructions given at the instance of appellee were substantially correct.

We find no error in the record. The judgment is affirmed.

*Judgment affirmed.*