T. C. HENRY & SONS & CO. v. COLORADO FARM & LIVE STOCK CO.†

(Circuit Court of Appeals, Eighth Circuit. November 7, 1908.)

No. 2,575.

1. BROKERS (§ 11*)—EMPLOYMENT BY INTENDING SELLER—STIPULATION AS TO COMMISSION — REFUSAL TO SELL TO ACCEPTABLE PURCHASER—EMPLOYER'S LIABILITY TO BROKER.

A., being desirous of selling certain of his property, employed a broker to procure a purchaser able, ready, and willing to buy upon acceptable terms, one of which was that the purchaser should pay the broker's commission as part of the purchase price. The broker procured such a purchaser, with whom A. entered into a contract to sell, one of the terms of which was that the broker's commission should be paid by the purchaser in certain bonds to be issued by a corporation to be organized by the purchaser to take over the property from him. Without fault on the part of the purchaser, A. thereafter refused to complete the sale, and the broker thereby lost his right to exact payment of his commission from the purchaser. Held: (1) A. impliedly obligated himself to the broker to complete the sale, if an acceptable purchaser was procured by him, so that he might realize his commission. (2) The refusal to complete the sale was a breach of that obligation, and gave to the broker a right of action against A. for the damages thereby sustained. (3) It was not essential to that right of action that the proposed corporation should be brought into being, or that it should adopt or ratify the purchaser's engagement respecting the issuance of the bonds.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 58; Dec. Dig. § 11.*]

2. COURTS (§ 329*)—CIRCUIT COURTS—JURISDICTION—AMOUNT IN CONTROVERSY —PLEADING.

In an action between citizens of different states in a Circuit Court of the United States, where the complaint contains the requisite allegation respecting the amount in controversy, jurisdiction is not defeated because other matters stated in the complaint have a tendency to show that that allegation is not well founded, unless they are such as to create a legal certainty of that conclusion.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 897; Dec. Dig. § 329.*

Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Colorado.

John F. Shafroth (John R. Smith, on the brief), for plaintiff in error.

James H. Pershing, for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. This was an action to recover damages sustained by the plaintiff through the breach by the defendant of a contract whereby the former was induced to procure a purchaser acceptable to the latter for certain lands and other property of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

†Rehearing denied January 2, 1909.

the latter. In the Circuit Court the case was disposed of adversely to the plaintiff upon a general demurrer to its complaint, but the record does not disclose the theory upon which the ruling proceeded.

In addition to the usual statements respecting diverse citizenship and the sum or value of the matter in dispute, the complaint alleges that the defendant employed the plaintiff, as an agent and broker, to procure a purchaser for the property, able, ready, and willing to buy the same upon terms satisfactory to the defendant; that under that employment the plaintiff procured and brought to the defendant such a purchaser, with whom the defendant entered into a contract for the sale of the property upon terms satisfactory to both; that one of the terms of the plaintiff's employment, as also of the contract between the defendant and the purchaser, was that the plaintiff's compensation or commission for its services, as such agent and broker, should be paid by the purchaser as part of the purchase price, immediately upon the carrying out of the contract of sale by the defendant; that the compensation or commission which the plaintiff thereby became entitled to receive consisted in certain mortgage bonds to be issued by a corporation which the purchaser was to organize for the purpose of taking over the property pursuant to the contract of sale; that these bonds would have been of the actual cash value of $16,382.50; that the purchaser was able, ready, and willing to complete the purchase according to the contract, and duly tendered performance of such of the purchaser's obligations as were to be performed in advance of the performance of the defendant's obligations, but the defendant refused, neglected, and failed to perform its obligations, and thereby prevented the sale from being completed; and that by reason of such refusal, neglect, and failure the plaintiff lost the compensation or commission which otherwise it would have been entitled to receive from the purchaser, and was thereby injured and damaged in the sum of $16,382.50.

It is now objected that it appears from the complaint that the plaintiff did not procure a purchaser able, ready, and willing to buy upon terms satisfactory to the defendant, but only a promoter who was ready and willing to enter into an obligation to do so on behalf of a proposed corporation, which was to be the purchaser, and that it does not appear that the corporation was ever brought into being or ever adopted or ratified the act of the promoter. We pass the question which would arise if this criticism of the complaint were justified by its allegations, because the plain meaning of them, as also of the contract of sale set forth at length in the complaint, is that the purchaser procured by the plaintiff and accepted by the defendant was the firm of Magenheimer Bros., of Chicago, Ill., and not the corporation which was to be organized for the purpose of taking over the property.

The next objection is that as the plaintiff's compensation or commission was to consist of certain mortgage bonds to be issued by the proposed corporation, as it does not appear that the corporation was ever brought into being or ever adopted or ratified Magenheimer Bros.' promise respecting the issuance of the bonds, and as the defendant was without power to call the bonds into existence, it cannot be said that the plaintiff was deprived of its compensation or commission by the

defendant's refusal to complete the sale. The objection is without merit. In procuring an acceptable purchaser the plaintiff fully complied with the terms of its employment and thereby rendered a valuable service for the defendant. But for the special stipulation to the contrary, the defendant would have incurred an obligation to pay for the service so rendered. The special stipulation required that this obligation be transferred to the purchaser, as was done, as part of the purchase price; and by a necessary implication the defendant obligated himself to the plaintiff to complete the sale, if an acceptable purchaser was procured by the plaintiff, so that it might realize its compensation or commission. And, had the sale been completed by the defendant, the plaintiff's right to exact payment in some form from the purchaser would have been plain, even though the latter failed to organize the corporation or to secure an adoption or ratification by it of the engagement respecting the issuance of the bonds. Hersey v. Tully, 8 Colo. App. 110, 44 Pac. 854; Roberts Mfg. Co. v. Schlick, 62 Minn. 332, 64 N. W. 826; 10 Cyc. 269. It follows, therefore, that the refusal to complete the sale, there being no fault on the part of the purchaser, was a breach of the defendant's obligation to the plaintiff, and gave to the latter a right of action against the defendant for the damages thereby sustained. Cavender v. Waddingham, 2 Mo. App. 551, 554; Atkinson v. Pack, 114 N. C. 597, 604, 19 S. E. 628.

Finally, it is objected that the Circuit Court was without jurisdiction because the direct allegation that the sum or value of the matter in dispute exceeds the requisite jurisdictional amount is overcome and shown to be untrue when the entire complaint is considered. It is true that some of the matters alleged have some slight tendency to show that the jurisdictional allegation is not well grounded, but they fall far short of creating a legal certainty of that conclusion, and for that reason the objection must fail. Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729; Wiley v. Sinkler, 179 U. S. 58, 65, 21 Sup. Ct. 17, 45 L. Ed. 84; Smithers v. Smith, 204 U. S. 632, 642, 27 Sup. Ct. 297, 51 L. Ed. 671.

The judgment is reversed, with a direction to overrule the demurrer.