FOSTER F. BIRCH v. WILLIAM H. BAKER ET AL.

Submitted July 2, 1909—Decided October 14, 1909.

1. Plaintiff and five other persons agreed with one Sims to convey to a third party a piece of land owned by the plaintiff. The plaintiff having so conveyed his land seeks to recover of his co-obligors the sum of $2,000 in an action on contract based upon their express promise, not in writing, to pay him that sum if he conveyed his lands as aforesaid. *Held*, that the oral con-

tract on which recovery is sought is unenforceable under the statute of frauds, being one "for the sale of lands * * * or concerning them."

2. *Held, also,* that there is no general implication that one person will pay the reasonable value of lands conveyed to another person.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and PARKER.

For the rule, *Benjamin W. Ellicott.*

*Contra, Vreeland, King, Wilson & Lindabury.*

The opinion of the court was delivered by

GARRISON, J.   On February 13th, 1906, the plaintiff and the five defendants executed a written agreement with one Mirabeau Sims, by which they all agreed to convey a certain tract of land to the Sims-Kent Company, a corporation then in process of organization.   The land in question was owned by the plaintiff, who, on February 19th, 1906, conveyed the same to the Sims-Kent Company.

The present action is brought by the plaintiff against his five co-obligors in the aforesaid written agreement to recover from them jointly the sum of $2,000, which he claims they agreed by an express promise, not in writing, to pay to him for the said tract of land to be conveyed under the written agreement to the Sims-Kent Company.   The transaction, covered both by the written contract with Sims and by the alleged oral contract of the obligors *inter sese,* is obviously one of a "sale of lands * * * or an interest in or concerning them" within section 5, subdivision 4, of the statute of frauds.   *Gen. Stat., p.* 1603.

There is nothing in the written contract to suggest, still less to support, an action at law by one of the obligors therein against his co-obligors for a specific sum as the agreed price of the land to be conveyed to a stranger to the said agreement.

The conveyance of the land to such outside party raised no implication that the grantor would be paid the reasonable price of the land by some person or persons other than the grantee. Moreover, the present action is both by the pleadings and proofs based on the *express* contract of the defendants that they would *jointly* pay the plaintiff $2,000 if he would convey to the Sims-Kent Company the land described in the Mirabeau Sims contract.

No joint obligation was proved, and any express contracts that were severally made by the defendants are ineffectual to support the present action because not evidenced by any writing or memorandum signed by or on behalf of the parties to be charged therewith. The statute of frauds covers the transaction. If this be not so, then whenever A conveys land to C he may recover its price of B on mere proof of an oral promise to pay such price.

Such a case is clearly within the statute of frauds, and no case more clearly calls for the protection that statute is designed to afford.

The rule to show cause is made absolute.