ANDERSON v. FRUITVALE TRANSPORTATION CO.

1. JUDGMENT—JOINT DEFENDANTS—JOINT LIABILITY.
   A judgment against several defendants is permissible only where all such defendants are jointly liable.

2. WORK AND LABOR—CORPORATIONS—LIABILITY.
   In an action against several corporations and the common president and general manager jointly to recover for services rendered to one or more of the defendant corporations, it is imperative that plaintiff show to which corporation she extended the credit or such an undertaking on behalf of the individual defendant to pay for the services rendered as satisfies the statute of frauds.

3. JUDGMENT—SEVERAL DEFENDANTS—SEVERAL VERDICTS—TRIAL.
   A jury in an action of debt against several defendants who are sued jointly may not render several verdicts against the several defendants upon which several judgments could be based.

Error to Muskegon; Sullivan, J. Submitted October 17, 1916. (Docket No. 155.) Decided April 9, 1917.

Assumpsit by Mary E. Anderson against the Fruitvale Transportation Company and others for services rendered. Judgment for plaintiff. Defendants bring error. Reversed.

*Cross, Vanderwerp, Foote & Ross,* for appellants.

*Clink & Farmer,* for appellee.

The plaintiff is the proprietor of a livery stable and transfer business located at Montague. The defendant Harrison M. Parker is president and general manager of all three of the corporate defendants.

It seems to have been the general purpose of the defendant corporations to acquire and develop a summer

resort at Fruitvale, which is located about six miles from Montague. So far as it appears from the record, the Fruitvale Company became the owner of 6,000 or 7,000 acres of land purchased for the purpose indicated. The Fruitvale Transportation Company is a small corporation owning some small launches which run up the river between Montague and Fruitvale. The Whitehall Construction Company is a corporation engaged in building for the Fruitvale Company. During the years 1914 and 1915 the plaintiff rendered services for one or other of the defendants amounting to $1,-486.06, according to her bill of particulars. After certain credits were allowed there appeared to be a claimed balance of $849.97. Upon the trial plaintiff produced her book of account which showed the services were charged under the following heading:

"The Fruitvale Development Co.—Harrison M. Parker, Fruitvale Development Co."

Being unable to secure a settlement of her alleged claims, plaintiff brought suit against all three corporations and against Mr. Parker, the president and general manager of all three. Being questioned as to how she came to furnish the services and materials charged for in her bill of particulars, plaintiff testified:

"*A.* Upon the request of Mr. Parker himself, and then on request of the superintendents whom he left. I had conversations many times with Mr. Parker about the furnishing of service or supplies.

"*Q.* Can you remember what he said to you in that regard?

"*A.* Why, he said that whatever work or livery his managers up there wanted that we should go ahead and fill their orders for any work and livery hire, that we should fill the orders of Mr. Williams, Mr. Franks, and his managers there, Mr. Preston.

"*Q.* Did he say anything about the payment for such work?

"*A.* He said he would pay for it.

"*Q.* Did he enumerate at that time the managers

or superintendents whom you should furnish service for?

"*A.* He named some of them. He said whoever was up there as managers. * * * I have talked with Mr. Frank in regard to the Fruitvale Company. I had a talk with him in regard to the bills that I made. I had many conversations with Mr. Frank. I saw him very frequently, and I asked him who those bills should be made to, or what should be the headings of those bills in my book, the Fruitvale Company, the Fruitvale Land Development Company, or Harrison M. Parker. He said: 'We are all one concern.'"

An examination of the auditor of each of the three corporations showed that sometimes when signing checks in payment of the accounts of one or the other of the corporations she placed the following indorsement upon the back of the check:

"In full for all claims of any nature and character against the Fruitvale Company, Whitehall Construction Company, Fruitvale Transportation Company, and Harrison M. Parker."

On cross-examination, being interrogated as to the reason for the organization of the Fruitvale Transportation Company, the defendant Harrison M. Parker testified:

"*Q.* Mr. Parker, what was your primary purpose in organizing this company in connection with the Fruitvale Company?

"*A.* Our lawyers informed us that under the Fruitvale charter we had no right to do that; we had no right to operate steamship companies under the provisions of our charter.

"*Q.* And that was the reason for incorporating the transportation company?

"*A.* Yes, sir.

"*Q.* So that you could carry on your primary operations of the summer resort?

"*A.* Yes; our lawyers said we had to have a separate business; we didn't have any right under our charter to do it"

—and further by Mr. Farmer, counsel for plaintiff:

"*Q.* It is all done for the purpose of obtaining one certain end, of conducting this Fruitvale summer resort; is that not correct?

"*A.* (nodding head affirmatively). We are developing that whole country.

"*Q.* So that all these defendant companies are working together?

"*A.* Yes, sir.

"*Q.* And they are engaged in one common enterprise to develop this resort?

"*A.* Yes, sir."

Upon the stand the defendant Parker admitted an indebtedness of the defendant the Fruitvale Company to the plaintiff in the sum of $18 and of the defendant the Whitehall Construction Company to the plaintiff of $269.42.

Over objection and exception, the court permitted the jury on the strength of the testimony set out, to find a joint liability on behalf of all defendants to the plaintiff, and the jury thereupon rendered verdict against all defendants and in favor of the plaintiff in the sum of $668.46.

BROOKE, J. (*after stating the facts*). There are some 29 assignments of error which we find it unnecessary to consider at large.

It is elementary that a judgment against several defendants may only be had where all the defendants are jointly liable upon the cause of action. This record signally fails to show any joint liability of the three corporate defendants with each other or with the individual defendant. It is obvious that plaintiff rendered her services sometimes to one corporation and sometimes to another, and perhaps sometimes to the individual defendant. In endeavoring to collect her accounts she must be able to show to which corporation she extended the credit, or such an undertaking on behalf of the individual defendant to pay for all services rendered as would satisfy the statute of frauds.

The circuit judge charged that the jury might split their verdict, finding one defendant liable for a certain amount and another defendant liable for a certain other amount according to the admissions made on behalf of the several defendants or as the testimony might disclose. In this the learned circuit judge was in error. We know of no practice which would permit a jury in an action of debt to render several verdicts upon which could be based several judgments.

The judgment is reversed, and a new trial granted, with costs.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred. PERSON, J., did not sit.