TRACY F. NEWMAN, Appellant, *v.* " THOMAS " G. R. PIERSON, the Name " Thomas " Being Fictitious, etc., Respondent.

First Department, February 4, 1921.

Principal and agent — action for damages caused by defendant failing to perform agreement to purchase property from plaintiff's principal whereby plaintiff lost commissions — necessity for alleging that agreed commissions were reasonable value of plaintiff's services — measure of damages.

In an action to recover damages based on the failure of the defendant to perform his agreement with the plaintiff to purchase coal from plaintiff's principal whereby the plaintiff lost his commissions which it was agreed were to be paid by the seller and not by the defendant, it is not necessary for the plaintiff to allege that the agreed commissions were the reasonable value of his services.

The foundation on which the rules for the measure of damages in actions for breach of contract are based is indemnity to the injured party, and in the present case the measure of damages on the refusal of the defendant to purchase the coal would be the commissions the seller had agreed to pay the plaintiff on the sale, if said commissions were reasonable.

APPEAL by the plaintiff, Tracy F. Newman, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New

York on the 23d day of June, 1920, sustaining defendant's demurrer to the complaint.

*Chauncey B. Garver* of counsel [*Shearman & Sterling*, attorneys], for the appellant.

*R. Hunter McQuistion*, for the respondent.

PAGE, J.:

The complaint alleges that the defendant agreed that if the plaintiff would introduce him to someone who was ready, willing and able to sell to the defendant 10,000 to 12,000 tons of bituminous coal for shipment to Genoa, Italy, at the price of $32.75 per ton, the defendant would purchase from such person 10,000 to 12,000 tons at that price, it being understood that the plaintiff should receive no commission from defendant for bringing about such sale, but should receive his commission from the seller; that plaintiff introduced the defendant to a corporation therein named, which was ready, willing and able to sell to the defendant for shipment to Genoa, Italy, 10,000 to 12,000 tons of bituminous coal at $32.75 per ton and which agreed to pay plaintiff a commission on such sale of seventy-five cents per ton. The defendant failed and refused to carry out said contract and to purchase said coal although duly requested to do so by the plaintiff and the said corporation, and has thereby prevented the plaintiff from earning his commission, to his damage $9,000.

The complaint alleges an executory contract, performance by the plaintiff, breach by the defendant, and damages. The insufficiency claimed is the failure to allege that seventy-five cents a ton was the reasonable value of the services rendered. This was not a contract, however, for the performance of services for the defendant where the law would imply an agreement on the part of the defendant to pay the reasonable value thereof, because no price was fixed. The distinct understanding was that the defendant was not to pay for the service. It was understood and agreed that the plaintiff was to find some one who was willing to sell the coal at a stipulated price and who would also pay the plaintiff a commission, the defendant agreeing to purchase the coal from such person. The value of the contract to the plaintiff was the commission which the seller would pay.

The case of *Amory* v. *Washington Steamboat Co., Ltd.* (120 App. Div. 818), upon which the court relied at Special Term, is distinguishable from the case under consideration. In the *Amory* case the agreement, as appears from the letters of the parties, was that if the plaintiff was successful in closing a sale of the Washington Steamboat Company's ships and if the company did not close with such purchaser except through the plaintiff, then the plaintiff was to look to the purchaser and not to the company for his commission.

The implied agreement would follow that if the company did close with such purchaser directly or through another agent, then the plaintiff should look to the company for his commission. The defendant closed with plaintiff's customer through another agent at the same price, but on terms more advantageous than those embodied in plaintiff's proposition. The effect of this was that the defendant was liable to pay to the plaintiff, not an agreed amount, for no amount had been agreed upon between them, but a fair and reasonable commission. The court said: " Assuming that this was a failure to comply with the conditions under which the plaintiff agreed to look to the purchasers for his commission, the result of such a violation of the conditions that would follow would be that the plaintiff would be entitled to recover his commission from the defendant, based upon a *quantum meruit.*" (p. 821.)

The foundation upon which rules for the measure of damages in actions for breach of contract are based is indemnity to the injured party. " The damages for which a party may recover for a breach of contract are such as ordinarily and naturally flow from the non-performance. They must be proximate and certain, or capable of certain ascertainment, and not remote, speculative or contingent. It is presumed that the parties contemplate the usual and natural consequences of a breach when the contract is made; and if the contract is made with reference to special circumstances, fixing or affecting the amount of damages, such special circumstances are regarded within the contemplation of the parties, and damages may be assessed accordingly." (*Booth* v. *Spuyten Duyvil Rolling Mill Co.,* 60 N. Y. 487, 492; *Delafield* v. *Armsby Co.,* 131 App. Div. 572; affd., 199 N. Y. 518.)

In the present case the defendant knew that the damage

that would be sustained by the plaintiff, if the defendant refused to purchase the coal, would be the commission that the seller had agreed to pay plaintiff on the sale. The amount of the commission was not specified, but that which the seller agreed to pay is presumed to have been reasonable. If the commission which the seller agreed to pay was unreasonable or extravagant, the defendant may set up that defense by answer. (*Booth* v. *Spuyten Duyvil Rolling Mill Co., supra,* 495.) In my opinion the complaint sufficiently states a cause of action.

The order should be reversed, with ten dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs, with leave to defendant to withdraw the demurrer and serve an answer within twenty days after service of a copy of the order to be entered hereon with notice of entry, and upon payment of the said costs.

CLARKE, P. J., DOWLING and SMITH, JJ., concur; GREENBAUM, J., concurs in result.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to withdraw demurrer and to answer on payment of said costs.