### COOK *v.* ROCKWELL.

1. CONTRACTS—DUTY OF COURT TO CONSTRUE UNAMBIGUOUS WRITTEN CONTRACT.

In an action involving a written contract, where there is no ambiguity in the language used, and no claim that it was modified in any way, it is the duty of the court to construe it.[1]

2. BROKERS — COMMISSIONS—WRITTEN CONTRACT—JUDGMENT NON OBSTANTE VEREDICTO.

Where, in an action by a broker on a written contract for commissions on the sale of a farm, it clearly appeared from the contract that plaintiff was to have all over $10,000 that the property brought, and plaintiff produced a purchaser for the farm for $11,000, the court having reserved decision under the statute, properly set aside the verdict of the jury in favor of defendant, and entered judgment for plaintiff *non obstante veredicto*.[2]

Error to Kalamazoo; Weimer (George V.), J. Sub-

[1]Contracts, 13 C. J. § 996; [2]Brokers, 7 C. J. § 79; Trial, 38 Cyc. p. 1927.

On nature of contract by which owner agrees to pay broker all over specified sum for procuring sale, see note in 35 L. R. A. (N. S.) 116.

mitted October 7, 1925.     (Docket No. 21.)     Decided
December 22, 1925.

Assumpsit by Bert (Burke) C. Cook against Cassius
F. Rockwell for commissions on the sale of real estate.
Judgment for plaintiff *non obstante veredicto.*    De-
fendant brings error.     Affirmed.

*Clare E. Hoffman,* for appellant.

*Harry C. Howard,* for appellee.

SHARPE, J.     Plaintiff, a real estate agent at Vicks-
burg, had effected an exchange of an apartment build-
ing in Allegan for a farm near Vicksburg for defend-
ant.     To complete the deal, defendant gave a mort-
gage on the farm for $3,200.     On the same day,
defendant prepared in his own handwriting and de-
livered to plaintiff the following memorandum, signed
by both of the parties:

"This agreement by and between Burke C. Cook
and C. Rockwell said Mr. Cook has the right to sell
the Rockwell property one mile east of Vicksburg of
133 acres until March 1, 1924.     And is to pay to said
Rockwell, ten thousand dollars, *net.*     No commission
going to Mr. Cook.     He is to have all over $10,000
which property brings.     Mr. Cook has the exclusive
handling of sale to March 1.     This contract expires
on March 1, 1924.     Terms, cash with mortgage back
that the First State Bank will accept at face value.
                    (Signed)     "C. F. ROCKWELL,
                                "BURKE C. COOK."

Plaintiff produced a purchaser of the farm for
$11,000.     He here sues defendant to recover $1,000
as due him under the listing agreement.     There was
a dispute over the word italicized in the agreement.
Plaintiff insisted it was "with," while defendant
claimed it was "net."     At the conclusion of the proofs,

233—Mich.—5.

both parties moved for a directed verdict. Decision was reserved. The jury were instructed that if the word in dispute was "with," their verdict must be for plaintiff, but, if it was "net," they should find for defendant. The jury found, in answer to a special question, that the disputed word was "net," and rendered a verdict for defendant. On plaintiff's motion for judgment *non obstante veredicto,* the verdict was set aside and a judgment entered for him. This, defendant reviews on writ of error.

The contract is in writing. There is no ambiguity in the language used. There is no claim that it was modified in any way. It was the duty of the court to construe it.

The defendant drew the instrument, and it must be inferred that he intended to clearly express his intent therein. We quote from the brief of his counsel:

"'Net,' according to Worcester, is 'that which remains after the deduction of all charges or outlay, as net profit.'

"Webster says that 'net' means: 'clear of all charges and deductions.'

"Both of these definitions were cited with approval by Mr. Justice Swayne. *St. Johns* v. *Erie Ry. Co.,* 22 Wall. (U. S.) 136-150; 29 Cyc. p. 670.

"Where the letter or statement to the broker was, 'I will take $7,000 net to me,' the court held that it was the intention that the property should bring the owner that sum free of all expenses. *Gibbs* v. *People's Nat. Bank,* 198 Ill. 307 (64 N. E. 1060)."

It clearly appears that defendant was to receive $10,000 for his farm. No deduction for expenses or charges were to be made. The agreement provides that the plaintiff "is to have all over $10,000 which property brings." If we had any doubts as to the meaning which we should give to the word "net," this latter provision would remove it. In our opinion, the

trial court was clearly right in the construction he placed upon the instrument.

The judgment entered is affirmed, with costs to appellee.

McDonald, C. J., and Clark, Bird, Moore, Steere, Fellows, and Wiest, JJ., concurred.