LOUIS ARONSON and Another, Plaintiffs, *v.* THOMAS CAROBINE, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, Third District, May 11, 1927.

**Brokers — real estate broker — action for damages arising from defendant's breach of contract for sale of real property located in New Jersey — defendant agreed to sell property if plaintiffs procured purchaser who would pay commissions in addition to purchase price — plaintiffs produced purchaser, but defendant refused to execute formal contract of sale — defendant is liable to plaintiffs, though contract provided purchaser would pay commissions — measure of damages is amount plaintiffs would have received if defendant had performed — contract, having been made in this State, is enforcible here.**

This is an action for damages arising from defendant's breach of a contract for the sale of real property located in New Jersey, in which defendant agreed to sell the property if plaintiffs procured a purchaser who would pay the commissions and other charges, in addition to the purchase price. Plaintiffs procured a purchaser, but defendant refused to execute a formal contract of sale. Notwithstanding the fact that the contract provided that the purchaser would pay the commissions, defendant is liable, and plaintiffs' measure of damages is the amount they would have received if the defendant had performed.

The contract, having been made in this State by residents thereof, is enforcible here.

ACTION to recover damages for the breach of the defendant's contract of brokerage.

*Daniel Lowenthal*, for the plaintiffs.

*Isidore Lowembrun*, for the defendant.

HAYES, J. The following facts were conceded at the trial: That the plaintiffs are duly licensed real estate brokers in the State of New York; that the defendant is a resident of the State of New York, and has his place of business in the city of New York. The plaintiffs also have their residence and place of business in New York.

That in April, 1926, the defendant engaged the plaintiffs to sell some land he owned in the town of Cresskill, in the State of New Jersey; that the defendant fixed the terms of the contract, the amount of the mortgages, the amount of cash required, and the purchase price of $16,000.

That the plaintiffs brought the defendant a purchaser, Sigmund Orbach; that the defendant then refused to sell his property for the sum of $16,000.

That thereafter the defendant, after further negotiations, all had in New York, agreed that he would sell his property for the

sum of $15,000, provided that the purchaser would pay the commissions, taxes and certain assessments; that Mr. Orbach agreed to buy the property and, on that basis, on April 24, 1926, in the plaintiffs' place of business in New York city, delivered to the defendant, $200 and procured a memorandum signed by the defendant and the plaintiffs. An arrangement was made between the purchaser and the defendant to sign a formal contract on Monday, April 26, 1926, at the office of the defendant's attorney, in Jersey City, N. J. The parties appeared at the stated time and place to sign the formal contract and the defendant then refused to sell the property on the terms fixed in the memorandum.

It was conceded that the purchaser was ready, willing and financially able to complete the transaction.

It was also conceded that the purchaser agreed to pay to the brokers the sum of $750, or five per cent commission on the purchase price of $15,000.

On the trial the complaint was amended to allege that the defendant again breached his agreement and that the plaintiffs were damaged in the sum of $750.

There were two questions raised on the trial: *First*, the right of the plaintiffs to recover damages from the defendant, the plaintiffs having agreed to seek their commissions from the purchaser; and, *second*, can the plaintiffs, licensed real estate brokers in the State of New York, recover commissions on the sale of property located in the State of New Jersey, the services having been performed in New York city, the laws of New Jersey requiring all persons engaged there either directly or indirectly in the business of real estate broker or salesman to be licensed.

There is no question but that the plaintiffs would be entitled to recover against the defendant had the defendant agreed to pay the commissions, and had the plaintiffs found a purchaser able, ready and willing to purchase the property at the price and terms fixed by the defendant.

In this action, in order for the plaintiffs to effect a sale it was necessary for them to find a purchaser who would agree to pay the commissions, in addition to the purchase price. This they did, and the defendant after entering into a memorandum of sale breached his agreement by refusing to enter into a formal contract.

It has been held that notwithstanding an agreement between the parties that the purchaser pay the commissions on the sale of goods, the plaintiff may recover his damages from the seller, where the seller breached his agreement and refused to complete the sale. (*Newman* v. *Pierson,* 195 App. Div. 407; *McKnight* v. *McGuire,*

117 Misc. 306; *Darling* v. *Moscowitz*, 159 N. Y. Supp. 672; *James* v. *Home of the Sons & Daughters of Israel*, 153 id. 169.)

In the recent case of *Pease & Elliman, Inc.*, v. *Gladwin Realty Co., Inc.* (216 App. Div. 421), involving a real estate transaction, the rule for measuring damages, where the seller refuses to go through with the sale, is stated by Presiding Justice CLARKE (p. 424): "Therefore, when the defendant broke his contract and refused to carry out his agreement to lease the plaintiff was entitled to recover damages for said breach which was the amount that he would have received from the owner if the defendant had performed."

It, therefore, follows that the first question must be resolved in favor of the plaintiffs.

Now, considering the second question. The contract here was one for personal services. The agreement was made in New York city, by residents of that city, and all the services were performed there.

It is contended by the defendant that the plaintiffs cannot recover because of the statute of New Jersey requiring all brokers selling real estate there to be licensed. Had the agreement been made in New Jersey, and the services performed there, this undoubtedly would be so.

However, the courts of this State have held that "the *lex loci contractus*, determines the nature, validity, obligation and legal effect of the contract, and gives the rule of construction and interpretation." (*Dyke* v. *Erie Railway Co.*, 45 N. Y. 113, 116.) In the same case (at p. 118) we further read: "The statutes of Pennsylvania have no intrinsic extra territorial force, and that they bind only within the jurisdictional limits of the State." What is true of the application of the statutes of Pennsylvania is also true of the statutes of New Jersey.

The aforementioned case was cited with approval in *Richards & Co., Inc.*, v. *Wreschner* (156 N. Y. Supp. 1054). At page 1058, WEEKS, J., writes: "The contract was entered into in New York and was to be performed in this country, and the nature, validity, obligation, and legal effect of the contract must be determined by the *lex loci contractus*, and effect will not be given to foreign laws in derogation of the contracts or prejudicial to the rights of citizens."

To the like effect is *Huber* v. *D'Esterre* (180 App. Div. 220).

In my opinion both the first and the second questions, under the facts and law, must be resolved in favor of the plaintiffs.

It, therefore, follows that where real estate brokers licensed in New York are engaged in New York to sell property located in New Jersey, and the brokers find a purchaser in New York, able, ready and willing to purchase the property on the terms of the

MATTER OF FRALEY. 803

Misc. 803]    Surrogate's Court, New York County, February, 1927.

seller, which terms include the payment of commissions by the purchasers, and where a memorandum agreement was made and signed by the seller in New York, and the seller later breaches the agreement and refuses to go through with the sale, and the brokers, as a result of the refusal of the seller to carry out the sale, suffer damage, the seller is liable, notwithstanding the *situs* of the real property in New Jersey.

The measure of damage being the amount the purchasers had agreed to pay the brokers as commissions, the sum of $750, the brokers are entitled to judgment for this amount.