ROBERT A. STAGG *v.* LUCY M. LAWTON

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 6—decided October 24, 1946

*Margaret P. Camp* and *Mortimer H. Camp,* for the appellant (defendant).

*Harry Cooper,* with whom was *Frederick J. Rundbaken,* for the appellee (plaintiff).

MALTBIE, C. J. In this action by a real-estate broker to recover a commission for procuring a purchaser of the defendant's property, the trial court rendered judgment for the plaintiff and the defendant has appealed. This action is somewhat unusual in that the commission sought to be recovered was not to be paid by the defendant but by the purchaser.

Facts sufficient for our disposition of the appeal as stated in the finding are not subject to correction. While the plaintiff was working for a real-estate firm, he was authorized by the defendant to secure a purchaser of the property at a certain price, with an agreement that he was to receive a 5 per cent commission. Subsequently, he severed his connection with the firm and the defendant authorized him, as an individual, to secure a purchas-

er at the same price. The defendant intrusted the matter of the sale of the property to her daughter, Mrs. Ross. The plaintiff brought possible purchasers to see the property, but Mrs. Ross three times raised the price and stipulated further that the price be "net" to the defendant. The plaintiff finally procured a person who was ready, willing and able to buy the property at the price fixed by Mrs. Ross and who agreed to pay the plaintiff a commission of 5 per cent. The offer was communicated to Mrs. Ross and we interpret the finding, somewhat ambiguous in this respect, as meaning that she was at the same time informed of the promise of the prospective purchaser to pay the commission. The defendant refused to convey.

The fact that the defendant's refusal to sell the property, whatever the reason or lack of reason for it, prevented the plaintiff from obtaining the commission which the purchaser had promised to pay him would not in itself entitle the plaintiff to recover in this action; one cannot be held liable for the failure of another to perform an agreement the latter has made unless the former was under a legal obligation owed by him to the promisee. The plaintiff, in support of his right to recover, cites a number of authorities. Some of these are cases where an owner agreed with a broker, not that he would pay him a commission, but that the broker should receive all or a part of the price above a certain amount which the owner stipulated he was to receive for his own use; see *T. C. Henry & Sons & Co. v. Colorado Farm & Live Stock Co.*, 91 C.C.A. 16, 164 F. 986; *Culbertson* v. *Sheridan*, 93 Kan. 268, 144 P. 268; *Reams* v. *Wilson*, 147 N. C. 304, 60 S.E. 1124; *Cook* v. *Rockwell*, 233 Mich. 64, 206 N.W.

313; and the situation presented was essentially different from the one before us, because in those cases the owner had in effect, if not in terms, agreed to pay the broker a certain amount out of the price to be paid to him for the property and was liable on that agreement. In other cases cited by the plaintiff, the trial court found that it was one of the terms of the agreement between the owner and broker that the owner would convey the property to a purchaser procured by the broker who was ready, willing and able to buy on the terms fixed in the authority given the broker; see *Pease & Elliman, Inc.* v. *Gladwin Realty Co., Inc.,* 216 App. Div. 421, 215 N.Y.S. 346; *Newman v. Pierson,* 195 App. Div. 407, 186 N.Y.S. 388; *Eells Bros.* v. *Parsons,* 132 Iowa 543, 109 N.W. 1098; in none of these cases was the Statute of Frauds involved; the failure of the owner to convey was a breach of a provision in the contract between the owner and the broker, and on that breach the latter was properly held entitled to damages, which, in a proper case, would be the commission the purchaser had agreed to pay the broker. *Atkinson* v. *Pack,* 114 N.C. 597, 605, 19 S.E. 628. In the note, 144 A.L.R. 921, there is broad language which would suggest that the owner might be liable for a commission the purchaser has agreed to pay without proof of such a contract, but an examination of the cases cited, with the exception of *Kaercher* v. *Schee,* 189 Minn. 272, 249 N.W. 180, discloses that all of them fall within one or the other of the two situations we have stated above.

In addition to the *Kaercher* case, we have found four other decisions which hold that, where a broker is authorized to procure a purchaser at a price "net" to the owner and he does procure one who is

ready, able and willing to purchase on the terms set by the owner and who also promises to pay a commission to the broker, the latter, on the refusal of the owner to convey, can recover from the owner the amount of that commission; *Cavender* v. *Waddingham*, 2 Mo. App. 551; *Bird* v. *Blackwell*, 135 Mo. App. 23, 115 S.W. 487; *Chutkow* v. *Wagman Realty & Ins. Co.*, 80 Colo. 11, 13, 248 P. 1014; *Aronson* v. *Carobine*, 129 Misc. 800, 222 N.Y.S. 721; but none of these cases attempts any critical examination of the problem. There are other cases which, on a casual reading, seem to reach the same conclusion, but a careful examination will show that in all of them there was an agreement between the owner and the broker that if the latter procured a suitable purchaser the transaction would be consummated; *Livermore* v. *Crane*, 26 Wash. 529, 67 P. 221; *Atkinson* v. *Pack*, supra; *Eells Bros.* v. *Parsons*, supra; *Morgan* v. *Whatley & Whatley*, 205 Ala. 170, 87 So. 846; and these decisions fall within the second class of cases referred to in the preceding paragraph. See *Calkins* v. *F. W. Woolworth Co.*, 27 F.2d 314. On the other hand, in *Fox Co.* v. *Wohl*, 255 N.Y. 268, 174 N.E. 650, the court, taking note of varying decisions in the lower courts of the state, held that a broker who had brought parties to an agreement for the exchange of lands, a provision of which was that each would pay a portion of the commission, could recover from the one who refused to carry out the transaction the commission he had agreed to pay but could not recover from him the commission the other party had promised. This decision was followed in *Bradley, Beall & Howard, Inc.* v. *Miller*, 128 F.2d 320, 321.

We have never been called upon to determine the

question. In *Zimmerman* v. *Garvey*, 81 Conn. 570, 71 A. 780, the broker procured a purchaser who entered into an agreement with the owner to which the broker was a party, one of the terms of which provided that the owner and purchaser would each pay a portion of the commission claimed by the broker, and we held that the broker was entitled to recover from the owner the portion of the commission he had agreed to pay; but it does not appear that the broker made any claim to recover from the owner the part of the commission the purchaser had agreed to pay.

Appreciating the possible injustice to a broker who has spent time, effort and perhaps money in procuring one who is ready, able and willing to purchase on terms which the owner has fixed as "net" to him but who is unable to recover a commission promised by the prospective purchaser because the owner refused to convey, we have sought some basis upon which the owner can be held to have violated a duty which he owed to the broker to see that he received that commission, but we have been unable to find any. The plaintiff cannot recover on the theory of an implied contract based upon the fact that defendant requested the former to perform services knowing that he expected to be paid for them; the defendant could only be liable on such a contract if the services were rendered in reliance upon his credit, and the plaintiff in this case was relying for payment upon the promise of the prospective purchaser. *Chatfield* v. *Fish*, 126 Conn. 712, 713, 10 A.2d 754; *Steinert & Sons Co.* v. *Jackson*, 190 Mass. 428, 431, 76 N.E. 905; *Anderson* v. *Fruitvale Transportation Co.*, 195 Mich. 734, 737, 162 N.W. 273; 3 Page, Contracts, § 1439. In such a situation as the

one before us, an agreement by the owner to convey the property to the purchaser cannot be the basis of recovery. Where an owner expressly or impliedly agrees to pay a commission but refuses to consummate the transaction, the ground upon which the broker is entitled to his commission is not because the owner owed to the broker a legal duty to convey but because the broker had fully performed the work he was employed to do. *Leete* v. *Norton,* 43 Conn. 219, 225; *Home Banking & Realty Co.* v. *Baum,* 85 Conn. 383, 387, 82 A. 970; *Gardner* v. *Buechler,* 95 Conn. 448, 450, 111 A. 589; *Meagher* v. *Reeney,* 96 Conn. 116, 117, 113 A. 169. In holding that an agreement between an owner and a broker for his services was not within the Statute of Frauds, we said: "The contract sought to be shown was one for personal service; it was not an agreement for the sale of real estate, or any interest therein or concerning the same." *Rathbun* v. *Mc-Lay,* 76 Conn. 308, 310, 56 A. 511; and see *Cone* v. *Pedersen,* 131 Conn. 374, 378, 40 A.2d 274. If, in such a case as this, the broker based his right to recover upon the owner's breach of an implied contract to convey, he would be standing squarely upon an oral agreement for the sale of real estate; an action to recover damages for the breach of such a contract is as much within the condemnation of the statute as one seeking to enforce it; *Kilday* v. *Schancupp,* 91 Conn. 29, 32, 98 A. 335; *Wolfe* v. *Wallingford Bank & Trust Co.,* 122 Conn. 507, 509, 191 A. 88; 27 C.J. 314, § 399; 37 C.J.S. 724, § 224; and that the agreement would be to convey the land to a person other than the broker does not change the rule. *Birch* v. *Baker,* 79 N.J.L. 9, 74 A. 151; *Liddle* v. *Needham,* 39 Mich. 147. The plaintiff can-

not recover upon the ground that the defendant prevented his performance of his contract with her, because liability on that ground would arise only if her conduct was in violation of a duty she owed to him; *Godburn* v. *Meserve,* 130 Conn. 723, 726, 37 A.2d 235; and, as we have stated, we can find in the circumstances of this case no such duty. Nor did the defendant do anything to prevent the plaintiff from carrying out his employment, as was the situation in *Cone* v. *Pedersen,* supra, 379; and in such a case as the one before us there could be no implication of a promise to do nothing to prevent the plaintiff from securing a commission from the purchaser, because that prevention would come about only by reason of the failure of the defendant to convey the land, to give damages based on that failure would be indirectly to enforce a duty of the defendant to transfer it, and the implied promise would fall within the Statute of Frauds. *Dung* v. *Parker,* 52 N.Y. 494, 497; *McGinnis* v. *Fernandes,* 126 Ill. 228, 232, 19 N.E. 44; 27 C.J. 315, § 399; 37 C.J.S. 725.

A broker authorized to procure a customer under an ordinary listing of property takes the chance that all his efforts may go for naught because he is not able to secure a customer ready, able and willing to purchase on terms fixed or acceptable to the buyer. The authority given him by the owner may make his right to a commission depend upon the actual consummation of the transaction, and he then takes the chance of the owner's refusing to convey to a customer he has procured. See *Spring* v. *Nagle,* 104 Conn. 23, 26, 131 A. 744; *Lawrence* v. *Hamilton,* 111 Conn. 493, 496, 150 A. 690. So, in such case as the one before us, we are constrained to hold

that a broker whose authority from an owner is to procure a customer at a price "net" to the owner and who secures a promise by the purchaser to pay a commission takes a like chance that the owner will refuse to convey. We can find no basis upon which the plaintiff in this case can recover from the defendant the commission the prospective purchaser promised to pay.

The case was fully tried in the court below, and no good purpose would be served by directing another trial.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the defendant.

In this opinion the other judges concurred.