PEARSON, Judge.
The plaintiff appeals from a summary final judgment in an action for breach of contract. The trial judge found as a matter of law that the plaintiff could not recover under any view of the facts. There is therefore no question of a genuine issue of material fact because in each factual area where there might be an issue of fact the judge has taken the view most favorable to the plaintiff.
The factual basis as set forth by the trial judge is therefore not contradicted and is as follows:
“This is an action for damages by a real estate broker against an owner of property for an alleged breach of an employment contract. The defendant owner of property employed the plaintiff broker to find a purchaser to purchase the property at a net price of $140,000.00 to the owner.
“This case is unusual in that the plaintiff broker concedes that the promise which he contends was breached by the defendant was an implied promise that the defendant would sell its real estate to the purchaser procured by the plaintiff for the sum of $140,-000.00 net to it, thus enabling the plaintiff to secure a commission for his services from the purchaser. The defendant did not agree to pay any commission to the plaintiff but on the contrary it was expressly agreed between the plaintiff and the defendant that the plaintiff was to obtain his commission from the purchaser.
“The plaintiff then procured a written offer from a purchaser agreeing to pay $140,000.00 net to the owner and, further, the purchaser, simultaneously upon executing the written order of purchase, agreed to pay the plaintiff broker a $5,000.00 commission. The plaintiff then presented the written offer to the defendant owner who refused to execute the contract and who *804 refused to convey the property to the purchaser at the listed price of $140,-000.00 net. The gravamen of the complaint is contained in the allegation that ‘the defendant impliedly agreed that it would perform said listing contract (sell its real property for $140,-000.00 net) and thus afford plaintiff an opportunity of securing a commission for said services from the prospective purchaser.’ ”
Appellant real estate broker urges that the trial judge was in error when he .found that the gravamen of the complaint was the defendant’s alleged implied agreement to sell'the property. Cf. Stagg v. Lawton, 133 Conn. 203, 49 A.2d 599. He contends that he was employed to find a purchaser and that after he produced the purchaser the owner-defendant violated the contract of employment thereby giving rise to a cause of action for. damages, i. e., the commission the purchaser had agreed to pay upon the completed sale.
It is sufficient for a decision of the case before us to point out that the undisputed facts preclude recovery. The testimony of the plaintiff himself -upon a prior trial of this cause was that the owner did not promise to pay him anything. This lack of a contract by the defendant to pay the plaintiff any sum distinguishes this case from those where recovery has been permitted because of a contract by the owner to pay a broker all that is obtained over a stipulated amount. See cases collected at 88 A.L.R. 299; 144 A.L.R. 921.
It unmistakably appears from the record that the broker was acting for the purchaser, yet he claims a promise by the owner to him that the former would sell to his customer for a certain price. Thus it is not a promise to pay a commission that the broker seeks to enforce, but a promise to convey. Under such circumstances, since the oral promise to convey real property could not be enforced because it comes within the purview of the Statute of Frauds, § 725.01, Fla.Stat, F.S.A., an action for damages for the breach thereof will not lie. See cases cited at 37 C.J.S. Frauds, Statute of § 224.
Affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.