PER CURIAM.
Plaintiff-appellant seeks review of the lower court’s order dismissing with prejudice plaintiff’s second amended complaint.
Plaintiff, Ben D. Wilder, a registered real estate broker, filed suit for a brokerage commission against defendant-appellees who owned the subject real property. Plaintiff’s complaint and first amended complaint both were dismissed with leave to amend. Plaintiff thereafter filed a second amended complaint which did not adopt any part of the original or amended complaint. This second amended complaint alleged that defendants listed their property for sale with the plaintiff who was to procure a purchaser upon terms specified by the defendants. It further alleged that plaintiff did procure such a purchaser ready, willing and able, but defendants refused to sell or pay the plaintiff his commission. The court granted defendants’ motion to dismiss the complaint and entered an order of dismissal with prejudice.
*51 On appeal, plaintiff-appellant contends that it was error to dismiss the second amended complaint in that it stated a cause of action. We are in accord.
The record reveals that in dismissing the second amended complaint, the lower court relied upon DeLucca v. Flamingo Corporation, Fla.App.1960, 121 So.2d 803 wherein the court found that the plaintiff understood that he would have to look to the purchaser procured by him for the payment of his commission and, therefore, the contract was not a contract to pay commission but an oral promise to convey the property and unenforceable under the statute of frauds.
In the case sub judice, the second amended complaint alleges that the defendants agreed to pay as a brokerage commission a sum equal to the excess over $750 per acre up to ten percent (10%) of the purchase price. It follows then that the case at bar factually is distinguished from the DeLucca case, supra, in which the court also distinguished the facts involved in that suit from those where recovery has been permitted because of a contract by an owner to pay a broker all that is obtained over a stipulated amount. Thus the lower court improperly relied upon DeLucca and we hold that case to be inapplicable.
It is well established in Florida that a broker employed to find or procure a purchaser, as alleged in the case at bar, is entitled to his commission upon procuring a purchaser who is ready, willing and able to purchase upon the terms and conditions specified by the seller. . See 5 Fla. Jur. Brokers § 42 (1955) and cases cited therein.
We hold, therefore, that plaintiff’s second amended complaint did state a cause of action and it was error for the lower court to have dismissed it.
Accordingly, the judgment is reversed and remanded for further proceedings consistent herewith.
Reversed and remanded.