HOBSON, Judge.
Appellants appeal a final judgment entered in the trial court below in favor of the appellee-broker. The broker brought this action for damages against several of the appellants as owners and other appellants as their agents for refusal of the owners to enter into a formal contract for the sale of certain real estate with a purchaser that the broker had allegedly procured pursuant to an alleged oral offer to sell that had been made by an alleged authorized agent of the owners. The undisputed facts in the record show that the broker was to be paid his commission by the purchaser and that the owners did not agree to pay any commission or part thereof to the broker.
In the case of De Lucca v. Flamingo Corporation, Fla.App.3d 1960, 121 So.2d 803, our sister court held, under identical facts that appear in this record, that a broker under said facts is not entitled to damages from the owners. In De Lucca the court stated at page 804:
“It is sufficient for a decision of the case before us to point out that the undisputed facts preclude recovery. The testimony of the plaintiff himself upon a prior trial of this cause was that the owner did not promise to pay him anything. This lack of a contract by the defendant to pay the plaintiff any sum distinguishes this case from those where recovery has been permitted because of a contract by the owner to pay a broker all that is obtained over a stipulated amount. See cases collected at 88 A.L. R.299; 144 A.L.R. 921.
“It unmistakably appears from the record that the broker was acting for the purchaser, yet he claims a promise by' the owner to him that the former would sell to his customer for a certain price. Thus it is not a promise to pay a commission that the broker seeks to enforce, but a promise to convey. Under such circumstances, since the oral promise to *75 convey real property could not be enforced because it comes within the purview of the Statute of Frauds, § 725.01, Fla.Stat., F.S.A., an action for damages for the breach thereof will not lie.”
■ For the foregoing reasons the final judgment appealed is REVERSED.
GRIMES, J., concurs.
McNULTY, C. J., concurs in conclusion only.