## CLARENCE L. BARBER *vs.* JOHN P. MORGAN ET ALS., ADMINISTRATORS.

Third Judicial District, New Haven, June Term, 1915.

THAYER, RORABACK, WHEELER, BENNETT and CURTIS, Js.

There is a clear distinction recognized in this State between corporations which are specially chartered by the General Assembly, and those, called joint-stock corporations, which are organized under the general laws of the Commonwealth.

Section 1954 of the Revision of 1888 (originally enacted in 1880), which formed part of a chapter entitled "Joint Stock Corporations," provided that "every such corporation" might increase or reduce its capital stock in the manner therein prescribed, but that if the reduction of the capital stock of "any corporation" should render it insolvent, the stockholders assenting thereto should be jointly and severally liable for all the then existing debts of the corporation, after judgment, without satisfaction, had been obtained against the latter. *Held* that this statute applied to joint-stock corporations only, and therefore the judgment creditor of a specially chartered corporation could not recover under its provisions.

General words and phrases may be restricted in meaning by the subject-matter with reference to which they are used.

The assets of a corporation are, in equity, a fund for the payment of its debts; and therefore if they are turned over to another company without proper provision for the payment of creditors, such creditors may, in a proper proceeding, follow the corporate property into the hands of the receiving corporation, and may also charge its stockholders—who became such by an exchange of the stock of the two companies—as trustees holding for their, the creditors, benefit.

An appellant who desires to correct the statement of what occurred upon the trial, as distinguished from findings of fact based upon evidence, should apply to this court for a rectification of the appeal and support his application by depositions, as provided by § 801.

In the present case the court below found that the plaintiff, a judgment creditor of a corporation, tried his case solely upon the ground of the defendant's liability under § 1954 of the Revision of 1888. The plaintiff in his appeal controverted this finding, but did not proceed as required by § 801. *Held* that even if this court might make the desired correction upon the appeal as it stood, it could not fairly find, from the argument and remarks of his counsel

Barber *v.* Morgan.

upon which the appellant relied in his motion and exceptions, that the trial court was wrong in its statement that the question of the defendant's statutory liability was the only one which was litigated.

Argued June 4th—decided July 16th, 1915.

ACTION by a judgment creditor of a Connecticut corporation against one of its nonresident stockholders who was alleged to have assented to a reduction of its capital stock whereby it was rendered insolvent, brought to the Superior Court in New Haven County and tried to the court, *Williams, J.,* after the decease of the original defendant and the revival of the case against his personal representatives; facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

*Walter J. Walsh* and *Clarence L. Barber* of New York City, for the appellant (plaintiff).

*Henry Stoddard* and *Arthur M. Marsh,* for the appellees (defendants).

THAYER, J. The International Company of Mexico, a corporation incorporated by Special Act of the legislature of this State and located in Hartford, but carrying on its business and having large and varied interests in the Republic of Mexico, became, financially embarrassed and unable to continue its operations there, whereupon an English company, under the name of the Mexican Land and Colonization Company, was organized under the laws of Great Britain, and all the property, assets and good will of the first-named company, which we will call the American Company, were conveyed and turned over to the last-named company, hereafter called the English Company. The capital stock of the American Company was $20,000,000

fully paid up, divided into two hundred thousand shares of $100 each. The capital stock of the English Company was £2,000,000 ($10,000,000), divided into two hundred thousand shares of £10 ($50) each. The consideration of the sale and transfer from the former to the latter company was the undertaking by the English Company to pay all moneys due and to become due in respect of certain debentures of the American Company, amounting to $5,000,000, and to pay, fulfil and satisfy all the obligations, debts, engagements and liabilities properly incurred by or existing against the American Company, and the allotment by it to the several persons who, at the date of the agreement between the companies, were stockholders in the American Company of shares in the English Company at the rate of one share of that company of the nominal value of £10 for each share of the nominal value of $100 held by such persons, respectively, in the American Company, which last-named shares were transferred to the English Company.

At the date of this transfer and conveyance, May, 1889, J. Pierpont Morgan, the original defendant in this action, owned a large number of shares in the American Company, and assented to, and by proxy voted in favor of, such transfer. From 1880 until 1901 there was in this State a statute reading as follows: "Every such corporation may increase or reduce its capital and the number and par value of the shares therein, at any meeting of the stockholders specially warned for that purpose, by a vote of stockholders holding at least two-thirds of the whole stock; and certificates of the increase or reduction of said capital or the number or value of said shares shall be made, filed, and recorded as provided in this chapter for original stock, provided, that within thirty days after such reduction a certificate thereof, signed by a majority

of the directors, shall be published two weeks successively in a newspaper published in the county where such corporation is located; and provided further, that in case of the reduction of the capital stock of any corporation by any mode which shall render such corporation insolvent, the stockholders assenting thereto shall be jointly and severally liable for all debts of the corporation existing at the time of such reduction, after judgment obtained against the latter and a return of execution unsatisfied." General Statutes (Rev. 1888) § 1954.

In June, 1889, one Bates brought suit in the State of California against the American Company, claiming damages for the breach of a contract made with him in 1887, and for bad faith on the part of the company in failing and refusing to carry out the contract, and in November, 1892, recovered judgment in that action for the sum of $120,600 and costs. Of this judgment, $26,350, with $9,673.37 interest to the date of judgment, was for breach of contract, and $84,576.63 was for bad faith of the company. The plaintiff, to whom Bates assigned this judgment and the causes of action upon which it is founded, brought suit upon that judgment in 1900 in this State against the American Company, and on May 13th, 1910, obtained a judgment against it for $243,762 and costs, upon which execution issued and was returned wholly unsatisfied.

It is claimed by the plaintiff that the transfer and conveyance of all its assets by the American Company, as above recited, was a reduction of its capital and rendered it insolvent, and that the stockholder Morgan, having assented to and voted for that transfer and conveyance, became individually liable under the statute above mentioned for the debts of the corporation existing at the time of the transfer which are embodied in the plaintiff's judgment; execution thereon

having been returned wholly unsatisfied. The Superior Court held that the American Company was not a joint-stock corporation, that the statute referred to did not apply to it or to the alleged acts of it and its stockholders, and that the plaintiff could not recover under the provisions of the statute. The correctness of these rulings is questioned by the appeal.

The complaint alleges that the American Company was incorporated as a joint-stock company under the laws of this State by a resolution approved March 9th, 1885, and amended by another resolution approved March 4th, 1887. This allegation itself shows that the corporation is not what is known in this State and is spoken of in our statutes as a joint-stock corporation, if it be true, as alleged, that it was incorporated by a legislative resolution, and this is found to be true by the court. As is well understood, a joint-stock corporation is one organized by any three persons, who may choose to form a corporation, under a general statute of this State authorizing the creation of such corporations and providing the procedure for creating them. Such corporations are distinguished from corporations created by special Resolutions or Acts of the General Assembly. Such Acts or Resolutions creating certain persons a corporation are spoken of as charters of the corporation, when accepted and the corporation is organized thereunder, and the corporation is called a chartered corporation, as distinguished from the joint-stock corporation, which is organized under the general law. If, therefore, the statute upon which the plaintiff relies relates only to joint-stock corporations, there can be no recovery upon that statute in this action.

That statute, already quoted (§ 1954 of the Revised Statutes of 1888), is a part of chapter 120 of that Revision, which is entitled "Joint Stock Corporations." Only joint-stock corporations are referred to in that

chapter in the ten sections which precede § 1954, and the words "every such corporation," with which that section begins, unquestionably refer to joint-stock corporations and to none other. But the second *proviso* in that section, in providing for the liability of the stockholder who assents to a reduction of the capital stock producing insolvency of the corporation, reads: "that in case of the reduction of the capital stock of any corporation," etc.; and the plaintiff says that language is broad enough to include specially chartered as well as joint-stock corporations. This would be true if the quoted words stood alone. But we think it is a case for the application of the rule that general words and phrases may be restricted in meaning to adapt their meaning to the subject-matter in reference to which they are used. Chapter 120 of the Revised Statutes of 1888 was originally passed as chapter 97 of the Public Acts of 1880, and § 11 of that Act is the same as § 1954 of the Revision. The legislature, in that Act, were dealing with the subject of joint-stock corporations, and in § 11 of that Act, and § 1954 of the Revision, they were dealing with the subject of the increase and reduction of the capital of such corporations. Having provided that every such corporation might increase or reduce its capital stock, and the manner in which it might be done, but without limiting the extent to which the capital might be reduced, it provided, in the same sentence, that if the stock of any corporation was so reduced as to render it insolvent, the stockholders who assented to such reduction should be jointly and severally liable for all debts of the corporation existing at the time of the reduction. What corporations did the legislature have in mind when they used the words "any corporation"? Naturally joint-stock corporations with which they were dealing, and for the reduction of whose stock

provision was made in the same section and sentence in which these words are found.   Clearly by "any corporation" was intended any such corporation, and the general words must be limited to that meaning. It cannot be presumed that they intended to make a provision applying to chartered corporations (many of whose charters make provision for the reduction of their stock and provide for the liability of officers or stockholders, if reductions prejudicial to creditors are made) in a section and sentence of a joint-stock corporation Act which provides for the reduction of capital in such corporations only.   The Superior Court was right, therefore, in its conclusion that the plaintiff was not entitled to recover under the provisions of this statute.

If the assets of the American Company were withdrawn and turned over to the English Company without proper provision being made for payment of the debts due creditors, the creditors, by a proper proceeding, might follow the corporate property into the hands of the English Company, and also charge the stockholders of the latter company (they having received its stock in consideration of the transfer of their stock in the American Company) as trustees for the creditors of the latter company, its assets being in equity a fund for the payment of its debts.

The plaintiff claims that his complaint contains allegations sufficient to charge the defendant, as trustee for the plaintiff, with the assets of the American Company, and that the evidence which was introduced upon the trial was sufficient to warrant a judgment in his favor upon this theory, and that he made those claims in the court below.   It is apparent from the record that the theory upon which both the original and amended complaint were drawn was that the defendant was liable for the debts of the company under the statute which has been referred to, and

this is frankly admitted. The Superior Court has found that the case was tried upon this theory, and that the plaintiff claimed only a personal general judgment for the amount of his claimed debt under the statute, and made no claim for judgment upon the ground that the shares of the English Company received by Morgan could be charged as an asset of the American Company with the payment of his debt. The plaintiff is thus at variance with the trial judge as to what occurred upon the trial. He asks to have the finding corrected to accord with his present claim as to what there occurred, upon the ground that the finding in this respect is not supported by the evidence, and has embodied, in his motion to correct, a portion of his argument upon that trial, and also certain remarks of his counsel when moving an amendment to the complaint. When, as here, an issue of fact is raised as to what occurred upon the trial, the proper procedure is to ask for a correction of the appeal in this court under § 801 of the General Statutes. *State* v. *Hunter*, 73 Conn. 435, 445, 47 Atl. 665; *Bernier* v. *Woodstock Agricultural Soc.*, 88 Conn. 558, 561, 92 Atl. 160. If the portion of the finding here complained of is wrong, the plaintiff is harmed, not because it is found against the evidence, but because it misstates the facts as to what occurred upon the trial. What the facts were in this respect must be proved upon an issue of fact raised as provided in General Statutes, § 801.

If we might, upon this appeal as it now stands, correct the finding, we could not, from the remarks of counsel upon which the plaintiff relies in his motion and exceptions, find that the court was wrong in the statement of fact which is complained of. It appears that the plaintiff and his counsel during the trial, after the defendants had introduced a large part of their evidence, conceived that they might, upon the

defendants' evidence, claim that the stock of the English Company which Morgan received at the time of the transfer was valuable, and that it might be charged with an equitable lien in his hands as the property of the American Company for the payment of the plaintiff's debt. The confessed purpose in asking for the amendment referred to was to adapt the complaint to this evidence for the purpose of asking a judgment upon this theory. The amendment was allowed, but when it appeared that a postponement of the case would result, the amendment was withdrawn by the plaintiff's counsel, with the remark that, rather than have a postponement, they preferred to have the trial proceed and to try out at least the question of the defendants' statutory liability. In the portion of the plaintiff's argument which is made a part of the motion to correct the finding, he states his opinion as to the different theories of the case to which the complaint is applicable, but concludes by saying that the real question before the court was whether the defendants were liable under the statute, and that he would confine his argument to that. We find nothing in these remarks which would warrant us in ordering a correction of that portion of the finding which states that the question of the defendants' statutory liability was the only one which was tried. The other requests for changes it is unnecessary to consider, as, if made, they would not affect the question of the defendants' liability under the statute.

As the decision thus reached is decisive of the case, we do not decide the question whether the plaintiff's action is barred by the statute of limitations of the State of New York.

There is no error.

In this opinion the other judges concurred.