GEORGE W. GARDNER *vs*. MAX BUECHLER.

Third Judicial District, Bridgeport, October Term, 1920.
WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, Js.

There is no variance between an allegation that the plaintiff was employed as a real-estate broker by the defendant to procure a purchaser of his premises at $55,000, upon a commission of two per cent, and a finding of a like employment and compensation "if he [the plaintiff] secured a purchaser on terms satisfactory to the defendant."

A claim of law not made in the trial court is not available to the appellant in this court.

A real-estate broker who completes an agreement of sale save only its reduction to writing—as in the present case—has earned his commission, and cannot thereafter be forced to accept a smaller rate. He may waive the collection of his commission either expressly or by conduct, but his intent to relinquish a two per cent commission cannot be inferred merely from his failure to make reply to the defendant's statement that he be paid a commission of one and one half per cent.

The defendant claimed that the plaintiff's demand for a commission of two per cent was extortionate and inequitable. *Held* that aside from the fact that this claim was not available to the defendant because not made in the trial court, there was absolutely no merit in it. Nor was there any foundation whatever in the finding for the defendant's further contention, that the plaintiff was secretly acting as the agent of the purchaser.

Argued November 5th—decided November 10th, 1920.

ACTION by a real-estate broker to recover a commission for his services in securing a purchaser for the defendant's premises, brought to and tried by the Court of Common Pleas in Fairfield County, *Booth, J.;* facts found and judgment rendered for the plaintiff for $1,207, and appeal by the defendant. *No error.*

*Maurice E. Resnick* and *Robert E. DeForest,* for the appellant (defendant).

*Henry E. Shannon,* for the appellee (plaintiff).

PER CURIAM. The complaint alleges that the plaintiff was employed by the defendant as a real-estate broker to procure a purchaser of his premises in Bridgeport for the sum of $55,000, and that the defendant agreed to pay the plaintiff a commission of two per cent of said selling price. The finding sets up a like employment, "if he secured a purchaser on terms satisfactory to the defendant." The defendant claims that the contract of the complaint was a special one, and that found by the court is a different one. The terms found include the terms set up in the complaint. There is no variance.

Further, the defendant, so far as the record shows, makes this precise claim for the first time in this court, hence his objection is now too late.

The defendant further claims that before the agreement of sale was consummated, the defendant withdrew his contract of employment upon the terms of a two per cent commission and informed plaintiff that he would pay him one and one half per cent if a sale were consummated, and that the plaintiff, by then remaining silent, agreed to the new terms. The facts found show that the agreement of sale was completed before the defendant told the plaintiff he would pay

one and one half per cent and no more. All that remained to be done at the time this statement was made, was to put the agreement of sale in writing. The plaintiff's contractual engagement had been fully performed. He had earned his commission. He could waive its collection, either expressly or by conduct establishing the waiver, but his intent to relinquish his commission cannot be inferred merely from his failure to make reply to defendant's new proposition.

Another claim upon the brief is that the demand of the plaintiff upon the facts found is too inequitable and extortionate to support a recovery. A sufficient answer to this contention would be the lack of such claim in the trial court. The situation which the finding portrays does not present a case of an inequitable and extortionate nature. The defendant obligates himself to pay an ordinary commission to a real-estate broker who procures for him a purchaser of his premises. The broker procures the purchaser. The owner completes the agreement of sale, and thereafter, finding that the price of the property he had agreed to sell was liable to advance, secured his release from his contract of sale by giving the purchaser $4,000, and thereafter refused to pay the real-estate broker the commission which he had earned under his contract with him. This is the familiar case of a man seeking to avoid a just obligation.

Finally, the defendant insists that the finding discloses that this broker was under employment by the proposed purchaser at the same time he was acting for the defendant, without disclosing to him that he was the agent of the purchaser. If this were the situation, the plaintiff would be precluded from his recovery. But the finding does not furnish, in the facts it details, the remotest basis for invoking this familiar and salutary principle of law.

There is no error.