THYRA A. WRIGHT *vs.* ALEXANDER REID.

Third Judicial District, New Haven, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 21st—decided March 6th, 1930.

*Warren F. Cressy,* for the appellant (defendant).

*William A. Kelly,* for the appellee (plaintiff).

BANKS, J. The defendant owned sixty-nine acres of land in Darien, which for a long time prior to October 14th, 1928, he had listed for sale with the plaintiff, a real-estate broker in that town. Shortly prior to that date the plaintiff interested George W. Hughes as a prospective purchaser of twenty acres of the property together with two dwelling-houses situated upon it. The defendant had informed the plaintiff that he would sell the particular twenty-acre tract with the houses on it for $65,000, and on October 14th, 1928,

the plaintiff introduced Hughes to the defendant as a prospective purchaser of that portion of the property, and at that interview the defendant agreed to sell and Hughes agreed to buy the twenty-acre tract for $65,-000, $20,000 to be paid in cash and a five-year mortgage to be given for the balance of $45,000. These facts were undisputed.

The plaintiff claimed and offered evidence to prove that at that time the parties agreed upon all the terms of the sale, including an agreement that the mortgage should contain a clause providing for the release of fifteen acres of the tract not included in the house lot of five acres from the lien of the mortgage, upon payment at the rate of $500 an acre, and that the defendant and Hughes agreed to meet the next day or the day after at the office of the defendant's attorney in New York to execute a written contract of sale. The defendant claimed and offered evidence to prove that at this interview no agreement was reached as to the terms of the mortgage, and that he declined to enter into any agreement relating to the release clause until he had obtained the advice of his attorney in New York. At a subsequent interview in New York, according to the plaintiff's claim and offer of proof, the defendant's attorney insisted that the amount to be paid for the release of each acre from the mortgage lien should be increased from $500 to $2500, and that the property should be restricted to the construction of buildings costing not less than $25,000 each. Hughes, the prospective purchaser, refused to agree to these changes in the contract of sale, and the defendant thereafter sold the property to his New York attorney.

The defendant appeals from the denial by the court of his motion to set aside the verdict in favor of the plaintiff. It does not appear that in listing this property with the plaintiff the defendant had prescribed

beyond stating the price, the terms upon which he would sell it. The plaintiff therefore did not earn her commission unless and until the customer she produced came to an agreement with the defendant as to the terms of the sale and was ready, able and willing to buy upon the terms then prescribed by the latter. Whether they did reach such an agreement was the controlling issue in the case, and the chief question in dispute upon the trial was whether, as claimed by the plaintiff, there was an agreement reached at the first interview as to the terms of the release clause in the mortgage which the defendant afterward attempted to change by imposing more onerous conditions, or, as claimed by the defendant, no such agreement was reached with the result that the parties never were in agreement as to the terms of the sale. The jury found this issue in favor of the plaintiff. The plaintiff's husband and the prospective purchaser, Hughes, both testified positively that at the first interview an agreement was reached as to the payment of $500 for the release of each acre from the lien of the mortgage. The jury were entitled to believe their testimony and it cannot seriously be claimed that they could not reasonably have found this issue in favor of the plaintiff.

As stated in the defendant's brief, his motion to set aside the verdict was based upon the proposition that the plaintiff had not proved an enforceable contract. By this he does not mean a contract enforceable under the statute of frauds, since he concedes that a real-estate broker who brings about a contract of sale, except only its reduction to writing, has earned his commission. *Dworski* v. *Lowe,* 88 Conn. 555, 92 Atl. 112; *Gardner* v. *Beuchler,* 95 Conn. 448, 111 Atl. 589. He does claim that the plaintiff to recover must prove a contract which, if reduced to writing, would be enforceable under the statute of frauds, such a contract

as a court of equity would enforce by a decree of specific performance. The defendant claims that the plaintiff has not proved an enforceable contract because, as he says, the evidence does not disclose any agreement as to the rate of interest upon the mortgage, the time or times of its payment, or the penalty for a default, nor does it sufficiently define the land subject to the release clause in the mortgage. If this were an action by one of the parties to the contract of sale, seeking specific performance of the contract, no doubt the complaint would be demurrable if the written memorandum of the sale required by the statute of frauds did not state all the essential terms of the sale. Such has been our uniform holding. *Sullivan* v. *Ladden,* 101 Conn. 166, 125 Atl. 250. Quite a differferent situation exists as to the proof required in an action such as this by a real-estate broker to recover his commission. As correctly stated by the court in its charge, the broker has earned his commission when he has produced a purchaser who is ready, able and willing to buy upon the terms prescribed by the owner. It was necessary for the plaintiff to prove that at the first interview between the defendant and Hughes all the terms of the contract so prescribed were agreed upon. The record does not disclose that any question was raised as to whether the parties had agreed as to the rate of interest on the mortgage, the time of its payment, or the penalty for a default, and there was evidence of a definite understanding as to the land subject to the release clause in the mortgage. There was evidence that nothing was left open to be done after the first interview except the drawing of the contract by the defendant's attorney. This was sufficient to establish the plaintiff's right to recover. *Meagher* v. *Reeney,* 96 Conn. 116, 113 Atl. 169, upon which defendant relies, was a case in which the broker

had procured a customer who entered into a written contract with the defendant under seal for the purchase of the property, which he later refused to carry out. While it thus appeared in that case that the plaintiff had brought the parties to a binding agreement enforceable in equity by a decree of specific performance, we did not there decide that a broker's commission is not earned until he produces a customer with whom such a binding agreement is actually executed. On the contrary, if the broker procures a customer who is ready, able and willing to buy upon the terms agreed upon, and the sale falls through because the owner refuses to sell on such terms, it is immaterial whether the purchaser was legally bound to carry out his contract or not. *Dworski* v. *Lowe,* 88 Conn. 555, 557, 92 Atl. 112; 9 Corpus Juris, 609. The court was right in denying the motion to set aside the verdict.

The court did not err in failing to charge the jury in the language of the defendant's three requests. The request to charge as to the nature of the services rendered by a broker was not pertinent to the issues here when there was no question that the plaintiff was the procuring cause. The other two requests were covered by the charge in which the jury were told that the plaintiff could not recover unless the defendant and Hughes at the first interview came to an agreement upon the terms of the sale so that the transaction was complete at that time. The ruling on evidence to which the defendant takes exception was clearly right.

There is no error.

In this opinion the other judges concurred.