J. B. LAWRENCE *vs.* MARY C. HAMILTON.

Third Judicial District, Bridgeport, April Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

494

Argued April 10th—decided June 2d, 1930.

*Freeman Light,* for the appellant (defendant).

*Frank L. Wilder,* for the appellee (plaintiff).

BANKS, J.   The defendant appeals from the denial of her motion to set aside the verdict in favor of the plaintiff and for claimed errors in the charge of the court to the jury.   The defendant was the owner of a tract of land in South Norwalk containing twenty acres which she had listed with the plaintiff, a real-estate broker, for sale, upon an agreed commission of five per cent of the selling price, which was $25,000.   The plaintiff claimed that, in listing the property with him for sale, the defendant had prescribed the terms of sale which were, a cash deposit of $500, $4500 to be paid within sixty days, and a mortgage containing release clauses to be given for the balance of $20,000, the property to be sold consisting of the entire twenty-acre tract exclusive of the house where the defendant lived with about an acre of land surrounding it.   The defendant claimed that the amount of property to be reserved and the terms of payment were not specified when the property was listed with the plaintiff but were left to be settled with the customer when one was produced.   It was conceded that the plaintiff produced a customer, The Norwalk Shores Realty Company,

whose officers had a number of interviews with the husband of the defendant, who represented her in the transaction, and the jury could reasonably have found that the Realty Company and Hamilton reached a verbal agreement as to all of the terms of the sale, and that the Realty Company was then ready, able and willing to buy the property upon the terms then prescribed by Hamilton, indeed, the latter himself testified in substance that the terms were all agreed upon, and he thereupon had his attorney draw up a contract of sale. The jury could also reasonably have found that this contract was presented to the customer, which submitted it to its attorney, who made some slight changes in it, and drew up a new contract in which the terms were substantially the same; that representatives of the customer and of the plaintiff called upon Hamilton with the amended draft of the contract and were told by him that he would have to consult with his attorney before asking his wife to sign; that on that same afternoon the officials of the customer notified Fox, who was acting in the matter for the plaintiff, that they would execute the form of contract prepared by the defendant's attorney, and gave him a check to cover the amount of the down payment called for by the contract. The next morning the plaintiff received a letter from Hamilton advising him that he considered the matter at an end and withdrew the property from the market.

The defendant's contention is that it was the intention and understanding of the parties that no contract with the customer produced by the plaintiff was to be considered as consummated until it had been reduced to writing and executed by the parties. In the absence of such intention and understanding the plaintiff earned his commission when he produced a customer

with whom the owner reached an oral agreement satisfactory to her as to the terms of the sale. *Wright* v. *Reid*, 111 Conn. 141, 149 Atl. 239. Whether the parties contemplated the necessity of a written draft as the final conclusion of their negotiations, as claimed by the defendant, was a question of fact for the jury. That question was decided by the verdict adversely to the defendant. We cannot say that the jury, upon the evidence before them, could not reasonably have arrived at the conclusion that the parties had reached an oral agreement as to all the terms of the sale, and viewed the written draft merely as a convenient memorial or record of the terms of the contract. *Atlantic Terra Cotta Co.* v. *Chesapeake Terra Cotta Co.*, 96 Conn. 88, 98, 113 Atl. 156. This being so, the subsequent revocation of the plaintiff's authority following the changes proposed in defendant's draft of the written agreement, did not deprive the plaintiff of his right to recover a commission. The court did not err in refusing to set aside the verdict and grant a new trial.

The court charged the jury that, if the Realty Company notified the plaintiff that it would accept the form of agreement prepared by the defendant's authority, then, so far as his duty was concerned, his contract would be fully performed and he would be entitled to his commission. Upon the facts disclosed in the finding this was not subject to exception. The court correctly charged that the owner's right to withdraw his property from a listing with a broker must be exercised in good faith and not for the purpose of depriving the broker of his commission. *Rosenfield* v. *Wall*, 94 Conn. 418, 422, 109 Atl. 409.

The defendant filed no requests to charge and the charge as given was correct in law, adapted to the

issues and sufficient for the guidance of the jury to a correct conclusion.

There is no error.

In this opinion the other judges concurred.