RICHARD PROVOST ET AL. *v.* WILLIAM F. McCARTHY, JR.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON AND BALDWIN, JS.

Argued January 5—decided February 28, 1950.

*Richard T. Scully,* with whom, on the brief, was *Vincent W. Dennis,* for the appellant (defendant).

*Jacob Schwolsky,* with whom was *Henry J. Goldberg,* for the appellees (plaintiffs).

DICKENSON, J. The plaintiffs, real estate brokers, brought this action for a commission for services in procuring a customer who executed a written agreement for the purchase of the defendant's property. They sought, in addition, the return of a deposit of $1000 which was given them by the prospective purchaser and which they delivered to the defendant. The defendant has appealed from a judgment in their favor on both claims.

With such corrections of the finding as the defendant is entitled to, the facts necessary for the decision can be summarized as follows: The defendant listed his dwelling house for sale with the plaintiffs. His asking price was $19,500. The plaintiffs interested a Mrs. Vallerand in the property. She offered $18,000, with a cash deposit of $500. The plaintiffs had been informed by the defendant that there was a $9500 first mortgage on the property and so stated to Mrs. Vallerand. The offer was submitted to the defendant. He stated he would sell for $18,000 but demanded a $1000 deposit. Mrs. Vallerand agreed to this, and she and the defendant entered into a written agreement by the terms of which she was to assume an existing mortgage of $9500 and pay the balance of the purchase price of $18,000 in cash. The defendant accepted the down payment of $1000. The agreement provided that the defendant was to convey the property within thirty days, adjust-

ments of taxes, interest, insurance, water charges and rents to be made as of the date of conveyance. A few days after the agreement was executed, it was found that the mortgage was for substantially less than $9500. Mrs. Vallerand was unable to obtain a $9500 mortgage and could not buy with her available resources, and the sale fell through. The trial court held that this result was due to the defendant's inaccurate statement as to the amount of the mortgage. It further held that the plaintiffs had procured a customer who had entered into an enforceable contract with the defendant and that they had earned their commission. It found that the defendant had refused to return the $1000 deposit and that Mrs. Vallerand had sued the plaintiffs to recover it, in an action then pending, and it held that the plaintiffs were entitled to recover the deposit from the defendant by virtue of a pretrial stipulation the parties had entered into.

The defendant claims that Mrs. Vallerand was not financially able to buy his property, that the deal fell through for this reason and that the plaintiffs had not produced a customer ready, willing and able to buy. He claims that the execution of the agreement was not sufficient to entitle the plaintiff to a commission. A final claim is that he should not be required to return the deposit until he "is given the opportunity to defend and establish the loss he has suffered because of the buyer's nonperformance."

A broker is entitled to his commission, not because the owner owes to the broker a legal duty to convey, but because the broker has fully performed the work he was employed to do. *Stagg* v. *Lawton,* 133 Conn. 203, 209, 49 A. 2d 599, and cases therein cited.

In the case before us, the defendant and the prospective purchaser entered into an agreement for the sale of the property. The defendant accepted a deposit

of $1000 "to apply on the purchase price." He refuses to return it. He claims the right to retain it until he has established the loss he has suffered because of non-performance of the agreement by the buyer. He stands upon the contract. On these facts the trial court reasonably could conclude that the plaintiffs had performed their services and had earned their commission. *Wright* v. *Reid,* 111 Conn. 141, 144, 149 A. 239; *Lawrence* v. *Hamilton,* 111 Conn. 493, 495, 150 A. 690.

As to the judgment for the return of the deposit, the court found that Mrs. Vallerand had instituted an action against the plaintiffs to recover the $1000 deposit and that, at a pretrial conference in the instant case, counsel for the parties and for Mrs. Vallerand in her action had agreed in effect that, if the issues were decided in favor of the plaintiffs and the defendant was not entitled to retain the deposit, its recovery should inure to her, and that the plaintiffs after securing it from the defendant would pay it to her. In the agreement for the sale of the property it was stated that "the present first mortgage of $9,500 with the Connecticut General Life Insurance Co. will be assumed by the purchaser, and the balance to be paid in cash." The court found that the representation as to the amount of the mortgage was untrue, that the sale fell through because of this inaccurate statement and that nothing in the agreement entitled the defendant to retain the money as liquidated damages. In its conclusions the court stated that the amount of the mortgage had been misrepresented and that Mrs. Vallerand had a cause of action on this account; and, in view of the finding that the sum was wrongfully detained by the defendant and of the pretrial agreement, it directed the return of the deposit to the plaintiffs. The court further stated, as its final conclusion, that at the trial no claim of law

was made by the defendant with reference to the return of the money.

The defendant assigns error in the findings that the sale fell through because of the inaccurate statement as to the amount of the mortgage and that nothing in the agreement entitled the defendant to retain the money as liquidated damages, and in the conclusion that Mrs. Vallerand had a cause of action. It appears in the finding that the defendant did make a claim at the trial that a mere liability to loss on the plaintiffs' part for failure to return the deposit is not sufficient to maintain an action. The only possible application of this claim to the situation would be that the plaintiffs in this action could not recover damages from the defendant on the ground that they might be held liable in Mrs. Vallerand's action against them. Such a claim runs counter to the pretrial agreement, which was, in effect, that the plaintiffs could recover the deposit in this action if the defendant had no right to retain it. Except as the claim just discussed might seem to bear somewhat upon the return of the deposit, nothing in the record indicates that the court was wrong in its statement that the defendant made no claim of law at the trial with reference to the return of the deposit. The defendant might have attacked that statement by proceedings to rectify the appeal; *Barber* v. *Morgan,* 89 Conn. 583, 590, 94 A. 984; Conn. App. Proc. § 141; but he failed to do so. Even if in some respects the findings and the conclusion assigned as error are open to attack, that circumstance cannot avail the defendant unless he is in a position to make the claim that the judgment for the recovery of the money was erroneous. As he did not at the trial make any claim that he was entitled to retain the deposit, he is in no position before us to raise that issue either directly or indirectly by attacks upon the findings or conclusions of the court

upon which it based that portion of the judgment. *Meyers* v. *Arm,* 126 Conn. 579, 582, 13 A. 2d 507; Conn. App. Proc. § 44.

There is no error.

In this opinion the other judges concurred.