HAROLD E. FINCH *v.* FLORA F. DONELLA

BROWN, JENNINGS, BALDWIN, INGLIS AND O'SULLIVAN, Js.

Argued March 9—decided May 2, 1950.

*Rocco R. P. Perna,* for the appellant (defendant).

*Ralph E. Cramp,* with whom was *Reed Shields,* for the appellee (plaintiff).

BROWN, C. J.  In this action, the plaintiff, a real estate broker, sued to recover a commission agreed upon in connection with the sale of the defendant's property in Ridgefield.  The court rendered judgment for the plaintiff and the defendant has appealed.

We summarize the material facts established by the finding, which is not subject to correction.  The plaintiff was and for many years had been a real estate broker, and the defendant was and for some time had been the owner of a residence on Branchville Road in Ridgefield.  The defendant desired to sell her property,

and after she had negotiated unsuccessfully with other brokers to this end she agreed on January 10, 1946, to permit the plaintiff in his capacity as a real estate broker to attempt to sell it for $8500 and to pay him a commission of 5 per cent of the selling price if he produced a customer to buy it. The defendant resided in Greenwich. Later that same day, pursuant to this employment, the plaintiff interested Joseph H. Donnelly in the property and induced him to examine it. He stated that he was unwilling to pay $8500 for it, but upon behalf of his wife he did offer $8000. The plaintiff immediately telephoned the defendant at Greenwich that he had an offer of $8000 for the property from Mrs. Donnelly and asked whether this offer was acceptable. The defendant stated that she would accept the offer, would sell to the plaintiff's customer for $8000, and would pay the plaintiff a commission of 5 per cent of this purchase price for obtaining the sale of the property. The plaintiff then told her that he would have a contract for the sale drafted and that during the afternoon he would mail the contract, executed by the purchaser, to her, together with a check for a deposit on account of the purchase price. To all of this she agreed. Such a contract, customary in form and adequate to bind the parties as agreed, executed by Mrs. Donnelly as the purchaser, together with her husband's check to the defendant for $800 in payment of the deposit specified in the contract, was placed in a sealed envelope addressed to the defendant at her home in Greenwich and duly mailed by the plaintiff on the afternoon of January 10, 1946, at the Ridgefield post office. Both the plaintiff and the defendant assumed that the letter would be received by the latter on January 11, 1946. There was delay in its delivery, the defendant's claim being that delivery was not made

until January 14, 1946. This was due to no fault of the plaintiff.

During the evening of January 10, 1946, the defendant's son told the defendant that friends of his would pay $8500 for the property, but she stated that she had already agreed to sell it and expected to receive the contract with a deposit on account of the purchase price by mail. When the defendant failed to receive these in the morning mail on January 11, 1946, Mr. Donnelly, at the request of the defendant made through her son, said on behalf of Mrs. Donnelly that she would accede to the defendant's wish to be discharged from any obligation to sell the property to Mrs. Donnelly, provided this arrangement was acceptable to the plaintiff. The defendant's son so advised the plaintiff. The plaintiff told him that he had mailed to the defendant a contract and deposit for the purchase by Mrs. Donnelly, that he had produced a buyer who was ready, willing and able to purchase on terms which the defendant had accepted, and that he would not relinquish his claim to a commission of $400 on the $8000 offer which she had accepted. Nevertheless, the defendant contracted to and subsequently did sell the property to the new buyer for $8500. Mrs. Donnelly was ready, willing and able to purchase the property on the terms and conditions which the defendant had accepted, and would have done so had she not relinquished her claim to the property at the request of the defendant to enable her to sell it to the new buyer at a more advantageous price. Notwithstanding the foregoing facts, the defendant refused to pay the plaintiff his commission for producing a purchaser for the property.

The court concluded that, upon the defendant's acceptance of the $8000 offer and the plaintiff's procuring of Mrs. Donnelly's signature upon the contract, to-

gether with the deposit, followed by the mailing of both to the defendant as agreed, the plaintiff had earned the $400 commission stipulated, for thereby he had produced a customer who was ready, willing and able to purchase the property upon the terms and conditions specified by the defendant; that therefore the defendant was liable to the plaintiff for his commission, notwithstanding the defendant's subsequent failure to convey the property to Mrs. Donnelly; and that, since the defendant was fully informed on January 11, 1946, before she contracted with the new buyer, as to what the plaintiff had done and his claims, she was not prejudiced by the delay in the delivery of the letter containing the contract and the deposit check.

Aside from the defendant's direct attack upon the facts found, which as we have indicated are sufficiently supported by the evidence, her first contention is that the plaintiff forfeited any right to a commission by reason of his bad faith in that (1) he failed to disclose to the defendant the name of his customer, and (2) he attempted to obtain from the defendant the most advantageous bargain for the customer. That the plaintiff failed to disclose the customer's name is refuted by the court's express finding, predicated upon the plaintiff's positive testimony. While certain of the plaintiff's answers on cross-examination, taken by themselves, might afford support for a finding that the plaintiff was working in the interest of the buyer, his further answers on redirect examination justified the court's refusal to find that such was the fact.

A second contention is that the delivery of a deed to the purchaser was a condition precedent to recovery by the plaintiff. This finds full answer in the court's finding which states that the defendant agreed to pay the plaintiff a commission of 5 per cent of the $8000 purchase price "for obtaining the sale of said prop-

erty." Under the circumstances, the words quoted, as is corroborated by the court's conclusions, could only mean that the commission became payable upon the plaintiff's procuring a customer ready, willing and able to purchase on the terms prescribed. *Rosenfield* v. *Wall,* 94 Conn. 418, 419, 109 A. 409; *Murphy* v. *Linskey,* 94 Conn. 475, 477, 109 A. 412; *Roche* v. *Curtin,* 131 Conn. 66, 69, 37 A. 2d 805. The further facts found establish that the requirements prescribed by these authorities were satisfied. That the contract to purchase executed by Mrs. Donnelly, which is made a part of the finding, contains a provision that the defendant would pay the plaintiff "the broker's commission . . . when the deed is delivered" could in no event require a contrary conclusion, inasmuch as it was the defendant herself who prevented the delivery of the deed, in violation of the duty which she owed to the plaintiff. That no deed was delivered could constitute no defense to the plaintiff's action. *Godburn* v. *Meserve,* 130 Conn. 723, 726, 37 A. 2d 235; *Stagg* v. *Lawton,* 133 Conn. 203, 210, 49 A. 2d 599; *Dworski* v. *Lowe,* 88 Conn. 555, 557, 92 A. 112; *Notkins* v. *Pashalinski,* 83 Conn. 458, 461, 76 A. 1104; *Home Banking & Realty Co.* v. *Baum,* 85 Conn. 383, 387, 82 A. 970.

The defendant's final claim is that she and Mrs. Donnelly "never reached an agreement as to the terms of the sale" and therefore she is not liable to the plaintiff for his commission. Where a broker has produced a purchaser who is ready, able and willing to buy upon the terms prescribed by the owner, he is entitled to his commission, and the fact that no contract between the owner and the purchaser for the sale of the property has been executed does not preclude a recovery by the broker. *Wright* v. *Reid,* 111 Conn. 141, 145, 149 A. 239. The finding shows that the defendant's only terms expressly prescribed were that $8000 was

the price to be paid and that a contract for the sale executed by the buyer, together with a check as a deposit, should be mailed to her on January 10, 1946. It was also an implied term of the contract that the sale should be consummated within a reasonable time. *Bradley* v. *Loveday,* 98 Conn. 315, 321, 119 A. 147. Another was that it should be for cash. In the absence of any evidence or claim in the trial court to the contrary, the foregoing constituted all of the terms of sale required of the purchaser by the defendant. It is expressly found that the contract and check were mailed as specified. See also *Console* v. *Torchinsky,* 97 Conn. 353, 356, 116 A. 613. The further finding that Mrs. Donnelly was ready, able and willing to buy upon the terms prescribed by the defendant fully warranted, therefore, the court's conclusion, under the authorities cited above, that the plaintiff was entitled to his commission. Under the circumstances, the fact, relied upon by the defendant to relieve her of liability to the plaintiff, that no agreement of sale was mutually executed by the defendant and Mrs. Donnelly is immaterial.

There is no error.

In this opinion the other judges concurred.