JOSEPH DYAS ET AL. *v.* MARGUERITE V. W. AKSTON

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued October 5— decided November 28, 1950

*Abram W. Spiro,* with whom, on the brief, was *Irving Levine,* for the appellants (plaintiffs).

*Louis Katz,* with whom, on the brief, was *Lazarus S. Heyman,* for the appellee (defendant).

BALDWIN, J. This is an action to recover a real estate broker's commission. The jury returned a verdict for the plaintiffs which the trial court, upon motion, set aside. The jury could reasonably have found the following facts: The defendant owned a colonial-type dwelling house, guest cottage, caretaker's house, swimming pool and other outbuildings with about 100 acres of land in Ridgefield. She had not listed this property for sale with the plaintiffs but upon inquiry stated that she would sell for $60,000. The plaintiff Dyas had as prospective purchasers a Dr. and Mrs. Kingsbury. A meeting was arranged with the defendant, at which time the Kingsburys, with the defendant and Dyas, inspected the property. The Kingsburys were interested and made a second inspection in company with Dyas and Frank Bitting, a New Jersey banker and their financial adviser. The defendant was not present

on this occasion. After a further inspection by Bitting, Dr. Kingsbury authorized Dyas to make an offer to the defendant of $50,000 in cash. This offer was communicated by telephone to the defendant and she said that she would entertain it but could not give a decision at that time. The following day she called Dyas and arranged a meeting at her apartment in New York. This information he communicated to Dr. Kingsbury. At Dr. Kingsbury's request Bitting attended this conference with Dyas.

The decision of the case turns upon what the jury could reasonably have found transpired at this meeting. To earn his commission a real estate broker must produce a purchaser who is ready, able and willing to buy the property upon terms prescribed or accepted by the owner. This rule does not require that the parties enter into an enforceable agreement but only that the offer of one party fairly meets the terms of the other. *Finch* v. *Donella,* 136 Conn. 621, 626, 73 A. 2d 336; *Wright* v. *Reid,* 111 Conn. 141, 145, 149 A. 239; *Provost* v. *McCarthy,* 136 Conn. 447, 449, 72 A. 2d 231; note, 12 A. L. R. 2d 1410. Clearly, the jury could have found that Dr. Kingsbury was ready, able and willing to purchase. To sustain a verdict for the plaintiffs, however, there must be evidence that the offer of Dr. Kingsbury fairly met the terms prescribed by the defendant.

If the evidence upon this point is viewed in the light most favorable to the plaintiffs, the jury could reasonably have found the following: At the final meeting the question arose whether the $50,000 offer was for the house furnished or unfurnished. Bitting, acting for the purchaser, stated that the offer was for the house furnished. The defendant said that there were many personal things and valuable old paintings and antiques which she did not want to include in the

sale. Bitting responded that the Kingsburys were not interested in the furniture and that the defendant might take anything she wanted. The matter of what she would take or what she would let stay was left entirely to her discretion. Thereupon the defendant accepted Bitting's offer. The parties were to meet in Ridgefield the next day, when a list of the furniture, if any, that was to remain was to be prepared. Before the parties could meet again, however, the defendant notified Dyas that she did not intend to go through with the transaction. These facts, drawn from conflicting testimony, furnish a proper basis for the reasonable and logical conclusion that the offer of the prospective purchaser fairly met the terms of the seller and that the plaintiffs had earned their commission. The court was in error in setting aside the verdict. *Cagianello* v. *Hartford*, 135 Conn. 473, 476, 66 A. 2d 83; *Donovan* v. *Connecticut Co.*, 86 Conn. 82, 86, 84 A. 288.

The defendant's claims that Bitting's authority was not established and that there was a material variance between the complaint and the evidence are without merit. *Rose* v. *Van Bosch*, 119 Conn. 514, 518, 177 A. 565.

There is error and the case is remanded with direction to render judgment on the verdict.

In this opinion the other judges concurred.