## Cecil Norde *v.* George Malash

Appellate Division of the Circuit Court

File No. CV 2-625-12686

Argued May 18—decided October 5, 1964

*Ralph S. Kantrowitz,* of Bridgeport, for the appellant (defendant).

*Robert K. Lesser,* of Bridgeport, for the appellee (plaintiff).

Pruyn, J. The plaintiff, a real estate broker, had a general listing of two houses owned by the defendant on Up Street in Bridgeport. This listing included a corner house for the price of $16,800, of

which $800 was the agreed commission to be paid to the plaintiff. The plaintiff advertised the houses in a Bridgeport newspaper, and as a result Marvin Davis approached the plaintiff and showed an interest in the corner house. The plaintiff showed the house to Davis in April, 1962. On April 18, 1962, the plaintiff informed the defendant that he had Davis as a purchaser and that Davis was willing to deposit $500 on the purchase price. The defendant said "good" and instructed the plaintiff to contact his lawyer to process the matter. An appointment was made for April 21 at the lawyer's office which the plaintiff and Davis kept. The defendant, on arrival for the appointment, stated that he had sold the house and the deal was off. At the time, Davis was an electronics technician with a take-home pay of $108 a week, with a bank balance of $2300, and with retirement income from the United States Air Force of $208 a month. Davis subsequently purchased another house for $16,800. The listing of the house was not an exclusive listing.

The trial court, on these facts as found by it, concluded that the defendant placed with the plaintiff a general listing at an agreed price and commission, that the plaintiff had produced a buyer who was ready, willing and able to purchase on the terms stated and accepted by the defendant, that the agency was not revoked, that the plaintiff was the predominating producing cause of a sale to be consummated, and that he was entitled to a commission of $800.

The defendant sought to add certain facts to the finding as being admitted or undisputed and to strike certain facts therefrom. These corrections cannot be made. Absence of contradiction does not make a fact admitted or undisputed. Practice Book § 628 (a). There was evidence to support the facts

sought to be stricken. It is solely within the province of the trial court to determine the credibility of the evidence.

The defendant's basic claim of error is directed against the court's conclusion that the plaintiff produced a buyer ready, willing and able to purchase on the terms stated and accepted by the defendant. The general rule is that a broker earns his commission in a real estate transaction when he produces a buyer who is ready, willing and able to purchase on the terms prescribed or accepted by the seller. *Richter* v. *Drenckhahn,* 147 Conn. 496, 500; *Metz* v. *Hvass Construction Co.,* 144 Conn. 535, 536; *Dyas* v. *Akston,* 137 Conn. 311, 313. "This rule does not require that the parties enter into an enforceable agreement but only that the offer of one party fairly meets the terms of the other." *Dyas* v. *Akston,* supra, 313; *Finch* v. *Donella,* 136 Conn. 621, 626. The law is clear that the failure of the parties to complete the transaction is no bar to the plaintiff's recovery. *Lavitt* v. *Aberle,* 144 Conn. 723, 725; *Provost* v. *McCarthy,* 136 Conn. 447, 449; *Finch* v. *Donella,* supra, 626. In the case before us, the terms of sale which the defendant specified was a price of $16,800, of which $800 was to be the plaintiff's commission. There were implied in these express terms that the sale should be for cash and be consummated within a reasonable time. *Finch* v. *Donella,* supra, 627. These terms, together with the offer of the prospective buyer to deposit $500, were accepted by the defendant when, on being advised by the plaintiff that he had such a buyer, the defendant replied "good" and instructed the plaintiff to contact his lawyer to process the matter. That the prospective purchaser was ready and willing to purchase upon the stated, implied and agreed-on terms is not open to serious question. Such readiness and willingness are evidenced by his attendance at the defendant's

lawyer's office at the time arranged with funds to make the $500 deposit.

The essential dispute is as to the buyer's ability to buy. "The purchaser must be able to buy; and the word 'able' means financially able; this does not mean, however, that such purchaser must have all the money in his immediate possession or to his credit at a bank, but only that he must be able to command the necessary funds to close the deal within the time required." *Laack* v. *Dimmick,* 95 Cal. App. 456, 470; see also *Lescoe* v. *Slater,* 16 Conn. Sup. 201, 202; *Hersh* v. *Garau,* 218 Cal. 460, 468; *Perper* v. *Edell,* 160 Fla. 477, 485; *Webert* v. *Roberts,* 211 Mich. 692, 695. From the facts found as to the purchaser's resources and earning capacity and his subsequent purchase of another house for the same price, we cannot say that the court's conclusion that he was able to buy was erroneous.

The defendant further argues that the sale of the house by the defendant revoked the plaintiff's agency to sell. A general agency to sell may be terminated at any time by the owner prior to the broker's producing a ready, willing and able buyer, and a sale by the owner would effect a revocation of the agency even without notice to the broker. *Hancock Co., Inc.* v. *Poli Corporation,* 113 Conn. 545, 555; *Harris* v. *McPherson,* 97 Conn. 164, 169. In the case before us, the record is barren of any evidence of any sale by the owner or other revocation prior to the production by the plaintiff of Davis as purchaser and his acceptance by the defendant.

The remaining assignments of error need no discussion.

There is no error.

In this opinion KOSICKI and LEVINE, Js., concurred.