WILLIAM T. PEATT *v.* SIDNEY F. BROWN ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 3-688-8446

Argued January 12—decided May 1, 1970

*Robert J. Berta,* of Bridgeport, for the appellant (plaintiff).

*E. Stanton Kennedy,* of Bridgeport, for the appellee (named defendant).

*Morton I. Riefberg,* of Danbury, for the appellee (defendant Nicholas R. DiNapoli, Jr.).

CORRIGAN, J. The plaintiff, a real estate broker, duly licensed in this state, brings this action in two

counts to recover of the defendants (1) the sum of $5000 for a real estate commission, or (2) for services rendered them as a real estate broker.

Certain premises known as the Dodd-Firehill property in Ridgefield, Connecticut, were placed on an open listing with the plaintiff and other brokers. The plaintiff showed the property to the defendant Nicholas R. DiNapoli, Jr., in late 1962, and in November, 1963, the plaintiff again showed this defendant the property, walking it, pointing out the property lines, showing him contour maps and discussing with him the asking price of $70,000. DiNapoli showed an interest in the property and offered $60,000. During the latter part of 1964, the plaintiff had constant discussions with DiNapoli; on September 14, 1964, the plaintiff attended a meeting with the owners of the property in New York to discuss the proposed sale. By letter dated October 6, 1964, DiNapoli requested a ninety-day option on the property as "we are going to try to take it before zoning so that the property can be divided into lots of one-half acre or less. When I wrote to you in March, your price was $70,000 clear. . . . I assume that this is still the price you are asking. If we take the property we shall be prepared to meet your price." This letter was given to the plaintiff for delivery to the owners.

On November 18, 1964, an agreement concerning commission was signed by the plaintiff and the defendants and read as follows: "In reference to the purchase of the Dodd-Firehill Company property in Ridgefield List #1202. It is agreed by the DiNapoli Development Company and Sidney F. Brown, the buyers, both of Bridgeport, Connecticut and William T. Peatt, Jr., of Ridgefield, Connecticut, the Broker on this sale, that upon the closing of the above described property which is to take place on or

before May 31, 1965, the DiNapoli Development Company and Sidney F. Brown will pay to William T. Peatt, Jr. the sum of Five Thousand ($5,000.) which he will accept as being his full commission on this sale." This was the only evidence produced concerning agreement of commission or compensation for services by the defendants.

In January, 1965, a contract for the purchase of the property, prepared by the owners' attorney, was signed by Brown, but neither the terms nor the conditions of the contract—nor the contract itself—were offered in evidence. Some time after this alleged contract was drawn, a deed in favor of Brown was tendered to his attorney, but it was not accepted. No explanation was offered as to the reason for refusal, nor did it appear whether the deed complied with the terms and conditions of the contract. No conveyance of the property was ever made to either defendant.

The plaintiff argues that the commission agreement cannot be interpreted to mean that a closing was a condition precedent to the payment of a commission and that, even if it can be so interpreted, the defendants' failure to accept the tendered deed is no defense.

"To earn his commission a real estate broker must produce a purchaser who is ready, able and willing to buy the property upon terms prescribed or accepted by the owner." *Dyas* v. *Akston*, 137 Conn. 311, 313; *Martino* v. *Palladino*, 143 Conn. 547, 548. Although the plaintiff produced the letter dated October 6, 1964, he produced no evidence to show that the owners had accepted the terms of that letter. As of the time of the agreement dated November 18, 1964, concerning the commission, there is evidence the owners wanted $70,000 net for the property, and the defendant DiNapoli wanted a ninety-day option to take the property before zoning, to allow lots of

one-half acre or less. With these stated desires of the sellers and prospective buyer, it is difficult to regard the November 18, 1964, agreement as anything more than an agreement to limit the plaintiff's commission to $5000 upon the closing of the property, thereby fixing a total cost of purchase. It is true that the fact there is no sale does not necessarily preclude a recovery by a broker. *Finch* v. *Donella,* 136 Conn. 621, 626. The plaintiff has produced evidence that the defendant Brown signed a contract, for the purchase of the property which was alleged to have been prepared by an attorney for the owners of the property, and that a deed was sent to the defendant Brown's attorney and was refused. There is no evidence, however, as to the terms or conditions of the contract, as to whether it was ever signed by the owners, or as to whether the deed was sent in conformance with the contract. It is incumbent on the plaintiff to bear the burden of proof to establish these essentials by a fair preponderance of the evidence. *Menard* v. *Coronet Motel, Inc.,* 152 Conn. 710, 711; *Martino* v. *Palladino,* supra.

In view of what we have said, it is unnecessary to discuss the question of an implied contract, for a true implied contract only exists where there is no express one. *Collins* v. *Lewis,* 111 Conn. 299, 304.

The only other assignment of error necessary for us to comment upon is the court's exclusion of a question to the plaintiff, "[A]nd why was it that it [the closing] never took place?" after he had previously answered that he knew why. It was properly excluded on the ground that no foundation had been laid to show that such knowledge was properly admissible testimony.

It should be noted that the defendants failed to file briefs within the time prescribed by the rules (Practice Book §§ 1015, 1016), and no sufficient

showing or excuse has been made for that failure. We are under no duty to search the record for points of law and authorities to support the judgment, unaided by adequate briefs. Shirking of this responsibility on the part of the defendants should be strongly condemned, imposing as it does an unfair and improper burden on an appellate court. See Punzak, "Some Notes on Brief Writing," in Maltbie, Conn. App. Proc., pp. 463, 465; 5 C.J.S., Appeal and Error, § 1314 (b); 5 Am. Jur. 2d, Appeal and Error, § 686. The defendants' confidence in the judgment is no excuse for their failure to assist the court by the filing of briefs. See *Inland Steel Co.* v. *Isaacs,* 283 Ky. 770, 775; *Aldridge* v. *Board of Education,* 15 Okla. 354, 361.

There is no error.

In this opinion KOSICKI and JACOBS, Js., concurred.